## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re: Earline Turner Green                          Case No. 05-39603-T
Debtor(s)                                                    Chapter 13

## NOTICE OF SUPPLEMENTAL APPLICATION
## FOR ALLOWANCE OF COMPENSATION
## AND REIMBURSEMENT OF EXPENSES AND HEARING

Boleman Law Firm, P.C. ("Boleman"), counsel for the above named Debtor(s), has filed a Supplemental Application for Allowance of Compensation and Reimbursement of Expenses pursuant to 11 U.S.C. § 330(a) and § 503(b)(2), Federal Rules of Bankruptcy Procedure 2016, and Local Bankruptcy Rule 2016-1.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.**

**NOTICE IS HEREBY GIVEN THAT A HEARING ON THIS APPLICATION WILL BE HELD AT THE UNITED STATES BANKRUPTCY COURT, U.S. COURTHOUSE ANNEX, ROOM 335, 1100 EAST MAIN STREET, RICHMOND, VIRGINIA, ON October 17, 2007 at 11:30 a.m.**

**Pursuant to Local Bankruptcy Rules 2016-1(C) et seq., notice is hereby given to all non-priority unsecured creditors that the payment(s) requested herein will prejudice the payment of your claims as more fully described in the Application for Reimbursement of Expenses (paragraph entitled "Sufficient Plan Reserves/ Prejudice to Creditors").**

**PURSUANT TO LOCAL RULE 2016-1(C) ET. SEQ., NOTICE IS HEREBY GIVEN THAT ANY OBJECTION TO THIS APPLICATION SHALL BE MADE WITHIN TEN (10) DAYS HEREOF.**

If you want to be heard on this matter, you or your attorney must:

1.     File with the court, at the address below, a written response pursuant to Local Rule 2016-1(C). If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

Julia Adair (VSB #45130)
Laura Taylor Alridge (VSB #42549)
G. Russell Boleman III (VSB #32484)
John R. Bollinger (VSB #46672)
James M. Flaherty (VSB #68148)
Deanna Hathaway (VSB #44150)
Patrick T. Keith (VSB #48446)
Mark C. Leffler (VSB #40712)
Stuart C. Salmon (VSB #68617)
Sharon Choi Stuart (VSB #45026)
Suzanne E. Wade (VSB # 31868)
Boleman Law Firm, P.C.
2104 W. Laburnum Avenue, Suite 201
P.O. Box 11588
Richmond, Virginia 23230-1588
Telephone (804) 358-9900
Counsel for Debtor

Clerk of Court
United States Bankruptcy Court
1100 E. Main Street
Richmond, VA 23219

2.    You must also mail a copy to:

Boleman Law Firm, P.C.
2104 Laburnum Ave., Suite 201
P.O. Box 11588
Richmond, VA 23230-1588

If you or your attorney do not take these steps, the Court may decide that you do not

oppose the relief sought in the Application and may enter an Order granting that relief.

Respectfully submitted,

By:  /s/ Mark C. Leffler
    Julia Adair (VSB #45130)
    Laura Taylor Alridge (VSB #42549)
    G. Russell Boleman III (VSB #32484)
    John R. Bollinger (VSB #46672)
    James M. Flaherty (VSB #68148)
    Deanna Hathaway (VSB #44150)
    Patrick T. Keith (VSB #48446)
    Mark C. Leffler (VSB #40712)
    Stuart C. Salmon (VSB #68617)
    Sharon Choi Stuart (VSB #45026)
    Suzanne E. Wade (VSB # 31868)
    Boleman Law Firm, P.C.
    2104 W. Laburnum Avenue, Suite 201
    P.O. Box 11588
    Richmond, Virginia 23230-1588
    Telephone (804) 358-9900
    Counsel for Debtor

## CERTIFICATE OF SERVICE

I certify that on October 5, 2007, a copy of the foregoing document has been
mailed via first class mail to Robert E. Hyman, Standing Chapter 13 Trustee, the Office
of the United States Trustee, and all creditors as set forth on the attached mailing
matrix.

 /s/ Mark C. Leffler
Counsel for Debtor(s)

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

In re: Earline Turner Green                                    Case No. 05-39603-T
Debtor(s)                                                              Chapter 13

**SUPPLEMENTAL APPLICATION BY BOLEMAN LAW FIRM, P.C., FOR
ALLOWANCE OF COMPENSATION
<u>AND REIMBURSEMENT OF EXPENSES</u>**

**COMES NOW,** the Boleman Law Firm, P.C., ("Boleman"), counsel for ("Debtor(s)"), and respectfully applies to this Honorable Court pursuant to 11 U.S.C. § 330(a) and §503(b)(2), Federal Rules of Bankruptcy Procedure 2016, and Local Bankruptcy Rule 2016-1, to allow fees for supplemental professional legal services and reimbursement of actual and necessary expenses in this Chapter 13 case, and in support of this Application represents that its attorneys have prepared or supervised the preparation of the petition, schedules and plan, have represented Debtor(s) in all matters relating to this bankruptcy and will continue to do so until dismissal, discharge, or entry of an order of withdrawal or substitution of counsel.  Boleman asserts that it has provided services and incurred expenses that exceed the original estimate of legal fees and expenses.  Boleman seeks compensation through the Chapter 13 Trustee for those amounts that exceed the previously approved sum of legal fees and expenses in this matter.

**Initial Professional Legal Services and Fees:**  The total computed amount of legal fees for the time expended on behalf of the Debtor(s) for initial bankruptcy legal services is $ 2,285.50.  Boleman agrees to accept on account of such initial legal services the fee of $1,500.00, which was the "no look" fee allowed by local bankruptcy rules at the time of filing and which has been allowed and paid through the Trustee and/or by the Debtor(s).  Accordingly, Boleman hereby voluntarily reduces its claim for initial legal services by $ 785.50.

Julia Adair (VSB #45130)
Laura Taylor Alridge (VSB #42549)
G. Russell Boleman III (VSB #32484)
John R. Bollinger (VSB #46672)
James M. Flaherty (VSB #68148)
Deanna Hathaway (VSB #44150)
Patrick T. Keith (VSB #48446)
Mark C. Leffler (VSB #40712)
Stuart C. Salmon (VSB #68617)
Sharon Choi Stuart (VSB #45026)
Suzanne E. Wade (VSB # 31868)
Boleman Law Firm, P.C.
2104 W. Laburnum Avenue, Suite 201
P.O. Box 11588
Richmond, Virginia 23230-1588
Telephone (804) 358-9900
Counsel for Debtor

**Nature and Charge of Fees Billed for Initial Professional Legal Services and Initial Actual and Necessary Costs**:  The fees and expenses provided for in the Chapter 13 Plan plus the amounts paid prepetition are the contractually agreed upon estimate of legal fees and expenses which accrued in provision of the initial bankruptcy services to include (1) analysis of Debtor(s)' financial situation; (2) advice as to whether to file a petition in bankruptcy and in which chapter; (3) preparation and review of the petition, schedules and statement of affairs with Debtor(s); (4) preparation and review of the original Chapter 13 Plan; and (5) representation of Debtor(s) at the meeting of creditors.

**Supplemental Professional Legal Services and Fees:**  The total computed amount of legal fees for the time expended on behalf of the Debtor(s) for supplemental bankruptcy legal services is $ 12,971.00.  However, as a courtesy discount to the Debtor(s) and the estate, Boleman voluntarily reduces the supplemental fees requested by $ 5,188.40. Accordingly, at this time and without waiving its right to request full compensation in the future, Boleman limits its request for supplemental fees to $7,782.60.  Boleman asserts that performance of these professional legal services has benefited the estate and allowed unsecured creditors a larger than anticipated dividend.

**Narrative Statement Regarding Supplemental Professional Legal Services:** The previously approved legal fees compensated Boleman for the initial professional legal services of preparing or supervising the preparation of the Petition, Schedules and Chapter 13 Plan, representation of the Debtor(s) at the Section 341 First Meeting of Creditors, and attending to routine matters related to general administration of the Chapter 13 case.  In support of this application for supplemental fees, Boleman provides the following Narrative Statement regarding the supplemental professional legal services provided in this case for which supplemental fees are sought:

On behalf of our client, we performed legal services necessary to respond to an Objection to Confirmation of Chapter 13 Plan by Select Portfolio Systems for failure to provide for their secured claim.  SPS alleged that the plan did not reflect its secured claim, nor did it reflect the debtor's home (the collateral for SPS's claim) as property of the estate.  Based upon information provided by our client to us at the time of filing, she was not the titled owner of the property.  As more fully explained *infra*, our client believed she had conveyed her interest in the property to May-Lily Lee, and individual who had assisted her in stopping a foreclosure sale of her home between the dismissal of her prior bankruptcy case and the filing of the instant case.  We communicated with our client and negotiated a continuance to allow us to investigate the claim and the client's ownership of the real estate.  It was determined that the party to whom the debtor deeded the property, May Lily-Lee, had not recorded the deed.  Accordingly, we sustained the Objection and modified the Plan to provide for the claim as secured.  In connection with the services necessary to respond to the Objection, we attended two (2) Bankruptcy Court hearings and filed one (1) Modified Chapter 13 Plan.

At the end of Debtor's first Chapter 13, her home was in foreclosure.  May-Lily Lee and

Debtor entered into a purchase contract whereby Lee was to pay sufficient funds to Debtor's mortgage company to reinstate the mortgage and stop the foreclosure, and it provided Debtor a period of time to "buy back" her home or find alternative housing. The Contract provided that Debtor would deed the real property to Lee, who took title subject to the mortgage.  As stated previously, the initial plan did not list an ownership interest in the home as title was thought to have passed to Lee.

Lee, however, did not record the Deed.  Nonetheless, from the beginning of the case Ms. Lee has asserted an ownership interest in Ms. Green's real property on the basis of a constructive trust.  As such, she objected to the first modified plan for its failure to provide for her claim.  Following her Objection, we communicated with our client and counsel for Lee.  In an attempt to resolve the dispute, we met with Ms. Lee and her counsel, Keith Phillips, Esquire.  The first hearing on Lee's Objection was continued during negotiations.  At the second hearing, we sustained the Objection by agreement.

Following negotiations with counsel for Lee, the Debtor filed a second modified plan, listing Lee as a priority creditor with a claim of $16,488.13.  Lee objected to the plan on the grounds that it was underfunded.  She further stated she was in the process of amending her proof of claim and that, to the extent the second amended plan was interpreted to pay Lee in accordance with her proof of claim, the plan was defective in that it did not recognize Lee's ownership interest.

Chrysler Financial also objected to the second modified plan on the grounds that the plan was proposing to pay Lee's priority claim before any disbursements to Chrysler's secured claim for Debtor's vehicle.  Both objections were sustained.  Thereafter, we prepared and filed the third modified plan that provided for Lee's claim and interest in the real property.  However, Chrysler and Lee both filed objections to the third modified plan.  In addition, Chrysler filed a Motion for Adequate Protection due to the extended delay in confirmation and the lack of disbursements to Chrysler for its secured claim.

Many discussions ensued between Debtor and our firm, including several meetings at which counsel, Debtor, and members of Debtor's family who were attempting to assist her discussed the appropriate response to the various litigation.  Following these discussions, we drafted and filed a formal Response to the Motion for Adequate Protection, attended the Bankruptcy Court hearing thereon, and requested a final hearing.  During this time, the hearings on the pending objections were continued as negotiations with Lee stalled somewhat.  The Chrysler issues, however, were settled following negotiations between counsel regarding the verbiage to be included in a settlement order.  The objections were sustained, the final hearing on the Motion for Adequate Protection was continued, and a fourth modified plan was filed to include language regarding Chrysler's claim that was negotiated by counsel.  Thereafter, the final hearing on adequate protection was held, where counsel announced the settlement, and a Consent Order was entered into.

On August 25, 2006, Lee objected to the Fourth Modified Plan on the grounds that the Plan failed to provide full payment totaling the value of Lee's interest in the real property at issue.  Many discussions ensued between Debtor and our firm regarding the appropriate response, numerous scenarios for settling the Objection were presented, considered, and abandoned, and we communicated and met with Lee's counsel many times in various attempts to settle the dispute in a manner that would result in confirmation of the Plan.  The hearing on the Objection to the Fourth Modified Plan was continued repeatedly during this process (11 times, to be exact).  The settlement process was difficult and laborious, requiring significant effort on our part to attend to the repeated hearings and guide our client to an agreeable resolution.  On several occasions, our client's family members assisted her in making difficult decisions in order to conclude the litigation.

In the midst of the negotiations with Lee, Select Portfolio filed a Motion for Relief from Stay, seeking relief from stay due to its allegation that our client had failed to pay three (3) postpetition mortgage payments.  We communicated with our client in writing and several times by telephone regarding the Motion for Relief, and our client agreed that she was in arrears, although she disputed the arrearage amount stated by the mortgage company.  Accordingly, we requested proof of payments from our client in order to analyze the arrearage statement from the mortgage company.  Our client also made an additional payment to the mortgage company shortly before the preliminary hearing, further complicating the task of determining the exact postpetition arrearage amount.  We communicated this information to counsel for the mortgage company and negotiated a continuance of the hearing as we reviewed the payment history and negotiated settlement.  Upon resolving the issue of payments made, we negotiated a Consent Order settling the Motion for Relief whereby stay was maintained conditioned upon our client making timely postpetition payments and curing the postpetition arrearage.  In connection with our services related to the Motion for Relief, we attended one (1) hearing.

Our client also fell into arrears with the Trustee during 2007, prompting the Trustee to file a Motion to Dismiss for payment default.  We communicated with our client regarding her default in plan payments and counseled her regarding the appropriate response.  We monitored her payments to the Trustee, forwarding a significant payment on her behalf that brought her current.  At the hearing, the Trustee withdrew his Motion to Dismiss.  However, our client's payment default to the Trustee had other repercussions – specifically, it triggered relief from the automatic stay as to Chrysler based upon the provisions of the previous Order Settling Motion for Adequate Protection.  Accordingly, Chrysler repossessed our client's vehicle due to her payment default to the Trustee.  We provided additional services to our client relating to this matter in that we had numerous communications with her and her family members to explain the basis for Chrysler's actions and to counsel her regarding these issues.

Lee and the Debtor, with counsel, ultimately reached a settlement agreement that would

allow Lee's claim to be paid outside the case and allowed for Plan confirmation.  The terms of a Motion to Approve Settlement and Compromise, whereby Debtor will pay Lee's claim direct, rather than through the Trustee, and Lee will be granted a deed of trust, are still being negotiated but expected to be concluded shortly.  The hearings on the Fourth Modified Plan were continued until the filing of Debtor's Fifth Modified Plan on June 4, 2007, which surrendered the vehicle to Chrysler to reflect the disposition of the vehicle as referenced *supra* and brought the plan payments current.  Debtor and Lee have agreed to finalize the Motion to Approve Settlement and Compromise without the need for further objections by Lee.

**Actual and Necessary Expenses:** Boleman, acting on behalf of the Debtor(s), has incurred actual and necessary expenses of $ 814.83 in this case.  Expenses included in the total are expenses incurred and advanced for the Bankruptcy Court filing fee, Circuit Court filing fee for recording Homestead Deeds, credit report(s), PACER charges, printing and photocopy of client documents, postage for mailing and service of documents, and/or facsimile charges.  Expenses related to photocopies are charged based on the number of printed pages at a rate of $0.15 per printed page.  For example, a single-sided copy is counted as a single copy, and a double-sided copy is counted as two (2) copies.  Boleman has received payment of $ 215.00 directly by Debtor(s) and $280.00 through the Chapter 13 Plan by the Standing Trustee, which amounts were intended for and applied to reimbursement of actual and necessary expenses.  Thus, the balance due to Boleman for unreimbursed actual and necessary expenses incurred is $ 319.83.  Boleman has received payments in the amount of $ 0.00 that exceeds the total amount sought for reimbursement of expenses and, accordingly, Boleman applies such amount to reduce the supplemental fees sought for payment through the Trustee.

**Date of Filing**:  Debtor(s) filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on 10/06/2005.

**Confirmation of Plan**: The Court has confirmed Debtor's first plan as well as any modified plan(s).

**Prior Fee Requests and Payments**:  A previously submitted Chapter 13 Plan in this matter provided for Debtor(s)' attorneys' fees and expenses as set forth above (see "Initial Professional Legal Services and Fees").  Other payments received by Boleman for reimbursement for administrative expenses are set forth above as well (see "Actual and Necessary Expenses").

**Exhibits in Support**:  The dates, activities and time of attorneys and para-professionals who provided professional legal services are stated with specificity on an Exhibit in Support of Supplemental Fee Request that was filed with the Court and is available for review in the Clerk's Office.  The actual and necessary expenses incurred by Boleman in performance of the services rendered are set forth on an Exhibit in Support of Expense Reimbursement Request that was filed with the Court and is available for

review in the Clerk's Office.  All time billed for services rendered is supported by contemporaneously maintained records, including but not limited to forms, notes, letters, draft documents maintained in the physical file, and notes maintained in the firm's computer case management system (Abacus).

**No Retainer/No Billing of Client**:  Boleman neither holds a retainer or other funds of Debtor(s) to secure payment of any amounts allowed by this Court as compensation or reimbursement of expenses nor has Boleman sent any bill for services to Debtor(s).  All amounts received or paid, whether through the Chapter 13 Trustee or directly by the Debtor(s) are disclosed *supra* and fully detailed in the aforesaid Exhibits in Support.

**Sufficient Plan Reserves/Prejudice to Creditors**:  Boleman has reviewed Debtor's Chapter 13 Plan and budget and believes that the Chapter 13 Plan does not provide sufficient reserves allowing payments requested herein to be made without prejudice to any creditor.  Rather, the payments requested herein, if allowed, would result in prejudice to non-priority unsecured creditors as described below.  Pursuant to Local Rule 2016-1(C)(1), such prejudice has been "completely, fully, and adequately disclosed" to all unsecured creditors by the Notice hereof and the detailed description provided as follows: The currently confirmed plan in this case provides a dividend of 12% for unsecured claims, or total payments of $3,974.75; however, the Chapter 13 Trustee currently projects a dividend of 30.64%, or total payments of $10,148.86, will be paid through the plan for such claims.  If the payments requested herein are approved, non-priority unsecured claims will be projected to receive a dividend of 6.17%, or total payments of $2,046.43.

**Reservation of Rights:**  Boleman reserves the right to withdraw any offer to reduce its fees (both initial and supplemental) and further reserves the right to request an additional award of legal fees and reimbursement of expenses for any time or expense incurred in defense of the instant Application for Compensation.

As an attorney for the Debtor(s) herein, I do make oath that the above statements are true to the best of my knowledge and belief, that no agreement has been made, and that no understanding exists for a division of fees contrary to the provisions of Section 504 of the Bankruptcy Code.  Further, upon review of contemporaneously maintained documents and records, the undersigned asserts that all services described herein were, in fact, provided to the debtor, and all costs have, in fact, been incurred.  It is also Boleman's belief that all services and costs were necessary, and that the reduced fees requested are reasonable.

WHEREFORE, Boleman Law Firm, P.C., respectfully requests this Honorable Court to approve fees in compensation for supplemental professional legal services and reimbursement of unpaid expenses in the total amount of $ 8,102.43 as follows:

a.      Award fees in compensation for supplemental professional legal services in the amount of $ 7,782.60, as and for reasonable attorney's fees for professional services rendered in this case;

b.      Approve Boleman's application of the prepetition payment by Debtor(s) and the payments made by the Trustee to reimburse its actual and necessary expenses, as disclosed herein, thereby resulting in a balance due to Boleman of actual and necessary expenses in the amount of $ 319.83;

c.      Approve the reduction in total payments to non-priority unsecured creditors as described *supra* without requiring the Debtors to file a Modified Plan; and

d.      Order total amount of fees and unpaid expenses to be paid through the Chapter 13 Plan as an administrative expense claim pursuant to 11 U.S.C §503.

**Respectfully Submitted,**

BOLEMAN LAW FIRM, P.C.
Counsel for Debtor(s)

By: /s/ Mark C. Leffler
        Julia Adair (VSB #45130)
        Laura Taylor Alridge (VSB #42549)
        G. Russell Boleman III (VSB #32484)
        John R. Bollinger (VSB #46672)
        James M. Flaherty (VSB #68148)
        Deanna Hathaway (VSB #44150)
        Patrick T. Keith (VSB #48446)
        Mark C. Leffler (VSB #40712)
        Stuart C. Salmon (VSB #68617)
        Sharon Choi Stuart (VSB #45026)
        Suzanne E. Wade (VSB # 31868)
        Boleman Law Firm, P.C.
        2104 W. Laburnum Avenue, Suite 201
        P.O. Box 11588
        Richmond, Virginia 23230-1588
        Telephone (804) 358-9900
        Counsel for Debtor

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing pleading was served via first-class mail, postage prepaid, on October 5, 2007, to the debtor(s), the Office of the U.S. Trustee, the Standing Chapter 13 Trustee, and all creditors.

/s/ Mark C. Leffler
Counsel for Debtor(s)

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In re: Earline Turner Green                                    Case No. 05-39603-T
Debtor(s)                                                              Chapter 13

**EXHIBIT IN SUPPORT OF**
**SUPPLEMENTAL APPLICATION FOR ALLOWANCE OF COMPENSATION**
<u>**AND REIMBURSEMENT OF EXPENSES**</u>

**COMES NOW,** the Boleman Law Firm, P.C., ("Boleman"), counsel for Debtor(s), and offers the instant Exhibit in Support of Supplemental Application for Allowance of Compensation and Reimbursement of Expenses filed herein.

Attorneys who have been employed by Boleman during the relevant period of time in which services have been rendered in this case and their present hourly rates for bankruptcy practice are listed below.  Boleman attorneys limit their practice to bankruptcy matters.  For purposes of calculation of attorney fees and as a discount to Debtor(s), Boleman asserts that a blended, discounted hourly rate of $215.00 per hour validly represents a reasonable rate that is equal to or less than a rate based upon the individual rates of each attorney who provided services.

| <u>Name</u> | <u>Current Hourly Rate</u> | <u>Joined Firm</u> | <u>Last Rate Change</u> |
|---|---|---|---|
| Julia B. Adair | $ 215.00 | 2004 | 01/2005 |
| Laura T. Alridge | $ 235.00 | 1998 | 01/2005 |
| John R. Bollinger | $ 235.00 | 2004 | 01/2005 |
| G. Russell Boleman III | $ 295.00 | 1991 | 01/2005 |
| Michael D. Brooks | $ 215.00 | 2004 | 01/2005 |
| James M. Flaherty | $ 215.00 | 2004 | 01/2005 |
| Deanna H. Hathaway | $ 235.00 | 2003 | 01/2005 |
| Marcy W. Huster | $ 215.00 | 2004 | 01/2005 |
| Patrick T. Keith | $ 235.00 | 2002 | 01/2005 |
| Mark C. Leffler | $ 235.00 | 2000 | 01/2005 |

| Richard C. Pecoraro | $ 225.00 | 2004 | 01/2005 |
| Stuart C. Salmon | $ 215.00 | 2006 | 08/2005 |
| Sharon Choi Stuart | $ 235.00 | 2001 | 01/2005 |
| Gregory A. Thomas | $ 225.00 | 2005 | 03/2005 |

Para-professionals for whom Boleman requests fees and their hourly rates are listed below.  For purposes of calculation of para-professional fees, Boleman asserts that a blended hourly rate of $70.00 per hour validly represents a rate that is lower than a rate based upon the individual rates of each para-professional who provided services.

| Name | Current Hourly Rate |
| --- | --- |
| V. Ronnieye Arrington | $ 75.00 |
| Robin L. Barber | $ 75.00 |
| Anne F. Blackwell | $ 95.00 |
| Gayle E. Boleman | $ 95.00 |
| Holly L. Brown | $ 75.00 |
| Kensie M. Coleman | $ 75.00 |
| Michelle L. Cox | $ 75.00 |
| Alicia M. Gregory | $ 75.00 |
| Lindsay T. Hanson | $ 75.00 |
| Marilyn B. Harris | $ 75.00 |
| Angela P. Hines | $ 75.00 |
| Adrianne W. Hollie | $ 75.00 |
| Bonnie R. Cox Lennox | $ 95.00 |
| Ashara T. Meade | $ 75.00 |
| Kismet F. Paraham | $ 75.00 |

| | |
|---|---|
| Andrew C. Rowe | $ 75.00 |
| Melissa R. Sasser | $ 75.00 |
| Alison J. Scott | $ 95.00 |
| Tavariss J. Spinks | $ 75.00 |
| Danielle J. Staten | $ 75.00 |
| J. Dawn Thomas | $ 75.00 |
| Debbie K. Unger | $ 75.00 |
| M. Elizabeth Williams | $ 75.00 |

Office of the US Trustee
600 East Main Street
Suite 301
Richmond, VA 23219

Alltel
P.O. Box 8807
Little Rock, AR 72231

Brice, Vander Linden & Wernick
P.O. Box 829009
Dallas, TX 75382-9009

Capital One Bank
PO BOX 85147
Richmond, VA 23276

Capital Recovery Service
RE:VA Emergency Physicians
P.O. Box 1170
Fairfax, VA 22030-1170

Cawthorn & Picard, PC
Re:Chippenham/JW Hospital
8310 Midlothian Turnpike
Richmond, VA 23235

Chippenham/JW Hospitals
Attn: Bankruptcy Dept.
P.O. Box 13620
Richmond, VA 23225

Chrysler Financial
Attn: Bankruptcy Dept
P.O. Box 9300
Columbia, MD 21046

Citifinancial
8245 Hull Street Road
Richmond, VA 23235

City of Richmond
Dept. of Finance/ Tax Enforce.
900 E. Broad St., Room 100
Richmond, VA 23219

County of Chesterfield
Treasurer
P.O. Box 40
Chesterfield, VA 23832

Dillard
P.O. Box 52005
Phoenix, AZ 85072

Forest Hill Family Practice
Re: Bankruptcy
4405 Forest Hill Avenue
Richmond, VA 23225

GEMB/JCP
Re: Bankruptcy
P.O. Box 981402
El Paso, TX 79998

Heilig Meyers
Claims Administrator
P.O. Box 3240
Portland, OR 97208-3240

Husch & Eppenberger, LLC
200 Jefferson Ave.
Suite 1450
Memphis, TN 38103

May-Lily Lee
1721 Oakdale Avenue
Richmond, VA 23227

Miller & Clark
RE:  SPS
19732 MacArthur Boulevard
Irvine, CA 92612

NTelos/Primeco
Attn:  Bankruptcy Department
P.O. Box 580423
Charlotte, NC 28258-0423

Park Dansan
RE:  Ntelos Wireless
P.O. Box 248
Gastonia, NC 28053

Patient First
Attn: Bankruptcy Dept
P O Box 85080
Richmond, VA 23285-4000

Radiology Associates
of Richmond, Inc.
P.O. Box 13343
Richmond, VA 23225

Ramona Evans
5231 Weatherford Rd
Richmond, VA 23224

Receivables Management Systems
Re: Patient First
P.O. Box 8630
Richmond, VA 23226

Sears
RE: Bankruptcy
133200 Smith Road
Cleveland, OH 44130

Select Portfolio Servicing, In
Re: Bankruptcy
P.O. Box 551170
Jacksonville, FL 32255-1170

Select Portfolio/ SPS
Re: Bankruptcy
1270 Northland Drive Suite 200
Saint Paul, MN 55120

Select Portfolio/ SPS
3815 South West Temple St
Salt Lake City, UT 84115-4412

United Consumers, Inc.
RE:Bankruptcy
P.O. Box 4466
Woodbridge, VA 22194

Van Ru Credit
Re: Bankruptcy
10024 Skokie Blvd
Skokie, IL 60077

Verizon
RE:  Bankruptcy
P.O. Box 17577
Baltimore, MD 21297-0513

Virginia Emerg Physicians
Lock Box 4387
P.O. Box 85080
Richmond, VA 23285-5597

Virginia Eye Institute
Attn: Bankruptcy Dept
400 Westhampton Station
Richmond, VA 23226

Wittstadt & Wittstadt, PA
Re:  SPS
7214 Holabird Avenue
Baltimore, MD 21222

|  | A | B | C | D | E |
|---|---|---|---|---|---|
| 1 | | | **Debtor(s): Green, Earline** | | |
| 2 | **Date** | **Who** | **Description of Legal Services** | **Lawyer Time** | **Admin Time** |
| 3 | | | | | |
| 4 | | | **Initial Legal Services** | | |
| 5 | | | | | |
| 6 | 9/22/2005 | MLC | Reminder call placed to client. | | 0.0 |
| 7 | | | | | |
| 8 | | | *Initial Intake Consultation - services rendered include the following:* | | |
| 9 | 9/23/2005 | MLC | Provide initial questionnaire to consult and obtain photo ID and proof of Social Security number. | | 0.1 |
| 10 | 9/23/2005 | MLC | Prepare photo ID and proof of Social Security number for file, prepare completed initial questionnaire for intake consultation. | | 0.1 |
| 11 | 9/23/2005 | MLC | Review national PACER Service Center website for previous filing information, print search results for file. | | 0.1 |
| 12 | 9/23/2005 | MLC | Data enter consult's personal information into firm's database, and open file. | | 0.1 |
| 13 | 9/23/2005 | KMC | Review initial questionnaire with consult. | | 0.1 |
| 14 | 9/23/2005 | KMC | Obtain information regarding liabilities for taxes and child support arrears owed. | | 0.1 |
| 15 | 9/23/2005 | KMC | Obtain information regarding liabilities attached to real estate owned by client. | | 0.1 |
| 16 | 9/23/2005 | KMC | Obtain information regarding liabilities attached to vehicles owned by client. | | 0.2 |
| 17 | 9/23/2005 | KMC | Review NADA internet site for retail and trade-in value of all vehicles and print for attorney review. | | 0.2 |
| 18 | 9/23/2005 | KMC | Obtain information regarding liabilities for other secured debt. | | 0.0 |
| 19 | 9/23/2005 | KMC | Obtain information regarding liabilities for unsecured debt. | | 0.3 |
| 20 | 9/23/2005 | KMC | Obtain information regarding type and value of free and clear real and personal property. | | 0.2 |
| 21 | 9/23/2005 | KMC | Obtain information regarding type, amount, and frequency of all household income. | | 0.1 |
| 22 | 9/23/2005 | KMC | Obtain information regarding type, amount, and frequency of all household expenses. | | 0.2 |
| 23 | 9/23/2005 | KMC | Obtain information regarding recently incurred debt, recent payments to creditors and recent transfers of property.  Extended review of foreclosure sale and transaction with May Lily Lee. | | 0.4 |
| 24 | 9/23/2005 | KMC | Prepare draft Plan funding spreadsheet for lawyer review. | | 0.2 |
| 25 | 9/23/2005 | KMC | Prepare and organize client's documentation regarding liabilities, property, and budget for attorney review; prepare same for file. | | 0.3 |
| 26 | 9/23/2005 | SCS | Review and analyze client's general financial circumstances and actions being taken by creditors; discuss prospects of repayment or use of non-bankruptcy options to address issues. | . | |
| 27 | 9/23/2005 | SCS | Review Notice to Individual Consumer Debtor(s) with client. | 0.1 | |
| 28 | 9/23/2005 | SCS | Explain fundamentals of bankruptcy law, including automatic stay and discharge, general discussion regarding impact on debtors, their creditors, and their property.  Extended discussion re issues upon re-filing bankruptcy and issues related to foreclosure sale and transaction with May Lily Lee. | 0.4 | |
| 29 | 9/23/2005 | SCS | Review and analyze information regarding real and personal property. | 0.2 | |
| 30 | 9/23/2005 | SCS | Review and analyze information regarding liabilities to priority creditors. | 0.1 | |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 31 | 9/23/2005 | SCS | Review and analyze information regarding liabilities to secured and unsecured creditors. | 0.2 | |
| 32 | 9/23/2005 | SCS | Review and analyze information regarding type, amount, frequency and reliability of all household income. | 0.1 | |
| 33 | 9/23/2005 | SCS | Review and analyze information regarding type, amount, frequency and reasonableness of all household expenses. | 0.1 | |
| 34 | 9/23/2005 | SCS | Review and analyze potential exemptions available to client. | 0.1 | |
| 35 | 9/23/2005 | SCS | Review and analyze minimum payment owed to non-priority claims based on liquidation/best-interests-of-creditors test. | 0.1 | |
| 36 | 9/23/2005 | SCS | Review and analyze minimum payment owed to Trustee based on disposable income test. | 0.1 | |
| 37 | 9/23/2005 | SCS | Review and analyze information regarding recently incurred debt, recent payments to creditors and recent transfers of property. | 0.1 | |
| 38 | 9/23/2005 | SCS | Review and analyze dischargeability issues. | 0.1 | |
| 39 | 9/23/2005 | SCS | Review draft Plan funding spreadsheet, revise same to accurately reflect proper treatment of liabilities and compliance with liquidation/best-interests-of-creditors test and disposable income test, review same with client. | 0.2 | |
| 40 | 9/23/2005 | SCS | Explain filing requirements and responsibilities including 341 meeting and payment to trustee. | 0.2 | |
| 41 | 9/23/2005 | SCS | Review intake documents and discuss with client to instruct regarding additional information needed to complete Petition, Schedules and Plan and for presentation to Trustee. | 0.1 | |
| 42 | 9/23/2005 | SCS | Discuss credit report and obtain client's permission to access credit report. | 0.1 | |
| 43 | 9/23/2005 | SCS | Discussion regarding issues related to timing for filing bankruptcy case, such as active collections, schedule appointment to review and execute Petition, Schedules, and Plan. | 0.1 | |
| 44 | 9/23/2005 | SCS | Review client documents, draft consultation notes and instructions for preparation of Petition, Schedules, and Plan and scheduling of future activities on behalf of client. | 0.3 | |
| 45 | 9/23/2005 | KMC | Review and organize client and attorney work-product documents for Petition preparation, complete firm procedures regarding completion of intake consultation. | | 0.2 |
| 46 | | | | | |
| 47 | | | **Preparation of Chapter 13 Petition, Schedules, Plan and Related Documents** | | |
| 48 | 10/6/2005 | LTH | Access and obtain credit report via internet account, print and review same for consistency with previous client information and documentation. | | 0.2 |
| 49 | 10/6/2005 | LTH | Review information provided by consult regarding assets, liabilities, budget and financial affairs, credit report(s), and instructions from attorney; draft and revise Petition, Schedules, and Plan; complete and prepare necessary documents and materials for review and execution with client. | | 1.0 |
| 50 | 10/6/2005 | LTH | Review and organize client documents and forms for review and execution with client. | | 0.1 |
| 51 | | | | | |
| 52 | | | **Consultation to Review & Execute Documents & Authorize Bankruptcy Filing** | | |
| 53 | 10/6/2005 | SCS | Reminder call to client to confirm appointment to review and execute Petition, Schedules and Plan; discuss documents needed for bankruptcy filing. Extended discussion re repossession of vehicle by creditor on 10/5. | 0.3 | |
| 54 | 10/6/2005 | MLC | Receive consult at front desk, receive filing fee payment, and provide receipt. | | 0.1 |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 55 | 10/6/2005 | ACR | Review Attorney/Client rights and responsibilities in Chapter 13 with client, execute same. | | 0.3 |
| 56 | 10/6/2005 | ACR | Review Attorney/Client contract for legal services with client, execute same. | | 0.2 |
| 57 | 10/6/2005 | ACR | Review "Notice to Individual Consumer Debtor(s)" with client, execute same. | | 0.1 |
| 58 | 10/6/2005 | ACR | Review "Declaration of Divisional Venue" with client, execute same. | | 0.1 |
| 59 | 10/6/2005 | ACR | Review credit report, billing statements, and mailing matrix with client for completeness and accuracy; revise list of creditors, execute "Cover Sheet for List of Creditors." | | 0.4 |
| 60 | 10/6/2005 | ACR | Review Voluntary Petition, Schedules, and Statement of Affairs with client; revise and execute same. | | 0.7 |
| 61 | 10/6/2005 | ACR | Review draft of Chapter 13 Plan with client, execute same. | | 0.2 |
| 62 | 10/6/2005 | ACR | Review "Whom do I pay?" instructions sheet with client regarding postpetition payment obligations to Trustee and creditors to be paid direct. | | 0.1 |
| 63 | 10/6/2005 | ACR | Review Wage Assignment information sheet for Chapter 13 Trustee with client. | | 0.1 |
| 64 | 10/6/2005 | ACR | Review "Bankruptcy Manual" of procedures, forms, correspondence with client. | | 0.1 |
| 65 | 10/6/2005 | ACR | Review "Documents Folder" with client and discuss appearance at 341 meeting and trustee's requirements. | | 0.1 |
| 66 | 10/6/2005 | ACR | Review Chapter 13 Timeline with client. | | 0.1 |
| 67 | 10/6/2005 | ACR | Review Mortgage/Car payment worksheet with client to instruct regarding maintenance of records of direct payments to secured creditors. | | 0.1 |
| 68 | 10/6/2005 | ACR | Review and complete Trustee Questionnaire with client, execute same. | | 0.2 |
| 69 | 10/6/2005 | ACR | Review documents provided by clients for file and Trustee, including statements regarding property values, proof of auto insurance, pay stubs, and/or tax returns; prepare and provide to client list of additional documents to be produced before 341 meeting. | | 0.2 |
| 70 | 10/6/2005 | ACR | Prepare and provide to client Rights and Responsibilities, Contract, Ch. 13 Timetable and "Whom Do I Pay" documents. | | 0.1 |
| 71 | 10/6/2005 | SCS | Consultation with client to discuss issues, provide instruction, and authorize bankruptcy filing. | 0.2 | |
| 72 | 10/6/2005 | ACR | Prepare and organize file for attorney review and execution of documents. | | 0.1 |
| 73 | 10/6/2005 | SCS | Receive and review Petition, Schedules, Chapter 13 Plan, and client's documents for 341 Meeting, execute same and forward for final attorney review. | 0.5 | |
| 74 | 10/6/2005 | JRB | Final review of Petition, Schedules, Chapter 13 Plan, and client's documents for 341 Meeting, forward to ECF Department with instructions for filing. | 0.3 | |
| 75 | 10/6/2005 | MRS | File Petition, attachments, and Schedules via PACER, complete firm procedures regarding initiation of bankruptcy case. | | 0.5 |
| 76 | 10/7/2005 | MRS | Receive and review 341 Notice from Clerk's Office, update firm calendar, draft and forward letter regarding same to client with copy of Petition. | | 0.3 |
| 77 | 10/20/2005 | MRS | File Chapter 13 Plan via PACER, complete firm procedures regarding same, prepare copies pursuant to attorney instructions and forward for service.  Draft and forward letter to client advising of first payment due date. | | 0.3 |
| 78 | 10/20/2005 | KMC | Serve Chapter 13 Plan to parties in interest. | | 0.3 |
| 79 | | | | | |
| 80 | | | | | |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 81 | | | **Preparation, Execution & Filing of Virginia Homestead Deed** | | |
| 82 | 10/6/2005 | LTH | Review property descriptions to be included in Schedules A and B and attorney instructions regarding exemptions; draft and revise Homestead Deed and prepare for execution by consult. | | 0.2 |
| 83 | 10/6/2005 | ACR | Review Virginia Homestead Exemption with client, revise and execute same. | | 0.2 |
| 84 | 10/7/2005 | SCS | Review executed Homestead Deed for filing with Circuit Court; Draft land records cover sheet and cover letter to Circuit Court; prepare documents for filing and forward to Circuit Court. | 0.3 | |
| 85 | 10/20/2005 | SCS | Receive and review recorded Homestead Deed returned from Circuit Court. | 0.1 | |
| 86 | | | | | |
| 87 | | | **Legal Services Necessary to Respond to Chrysler Financial's Repossession & Exercise  Debtor's Redemption of Collateral** | | |
| 88 | 10/7/2005 | AFH | Teleconference with client regarding repossessed vehicle in attempt to determine identity of repossession agent. | | 0.1 |
| 89 | 10/7/2005 | AFH | Teleconference with National Auto regarding client's repossessed vehicle. | | 0.1 |
| 90 | 10/7/2005 | AFH | Teleconference with Chrysler Financial to inform of bankruptcy filing, advise of client's exercise of redemption rights and request turnover of vehicle repossessed prepetition; draft and forward cover letter, Notice of Filing, Proof of Insurance, and Chapter 13 Plan to creditor/legal counsel for purposes of establishing notice of filing, asserting right of redemption, and obtaining turnover of repossessed vehicle | | 0.6 |
| 91 | 10/7/2005 | AFH | Teleconference with client regarding return of repossessed vehicle. | | 0.1 |
| 92 | 10/7/2005 | AFH | Teleconference with client regarding return of repossessed vehicle. | | 0.1 |
| 93 | 10/7/2005 | AFH | Teleconference with client regarding return of repossessed vehicle. | | 0.1 |
| 94 | 10/7/2005 | AFH | Teleconference with creditor regarding status of paperwork for return of vehicle. | | 0.1 |
| 95 | 10/8/2005 | MBH | Teleconference with client regarding return of repossessed vehicle. | | 0.2 |
| 96 | 10/10/2005 | AFH | Teleconference with client regarding return of repossessed vehicle. | | 0.1 |
| 97 | 10/10/2005 | AFH | Teleconference with client regarding return of repossessed vehicle. | | 0.1 |
| 98 | 10/10/2005 | AFH | Teleconference with creditor to verify receipt of bankruptcy filing information; discuss release of vehicle and client's liability for fees and costs. | | 0.3 |
| 99 | 10/10/2005 | AFH | Teleconference with client to discuss steps necessary to obtain vehicle, fees that are required to be paid, and instruct regarding same. | | 0.3 |
| 100 | | | | | |
| 101 | | | **Preparation for & Representation at Section 341 First Meeting of Creditors** | | |
| 102 | 11/8/2005 | LTH | Review Schedules and Plan, analyze file to verify proper documentation for 341 meeting. | | 0.3 |
| 103 | 11/8/2005 | LTH | Teleconference with client to discuss documents needed, 1st payment to Trustee, and attendance at 341 meeting. | | 0.1 |
| 104 | 11/8/2005 | LTH | Draft and forward reminder letter to client regarding 341 meeting with trustee and documents needed. | | 0.2 |
| 105 | 11/22/2005 | LTA | Prepare for 341 Meeting; review file and analyze issues for hearing. | 0.2 | |
| 106 | 11/22/2005 | MLC | Final review and preparation of file for 341 Meeting with Trustee. | | 0.1 |
| 107 | 11/23/2005 | MLC | Check in client at 341 meeting.  Final review of case issues and 341 procedure with client. | | 0.1 |
| 108 | 11/23/2005 | LTA | Represent client at first meeting of creditors before chapter 13 trustee. | 0.2 | |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 109 | 11/23/2005 | LTA | Update file notes and calendar after 341 meeting. | 0.1 | |
| 110 | | | | | |
| 111 | | | ***Client Services Related to Case Maintenance*** | | |
| 112 | 10/24/2005 | MEW | Teleconference with client regarding first payment. | | 0.1 |
| 113 | 10/28/2005 | AMG | Teleconference with client regarding home foreclosure. | | 0.1 |
| 114 | 11/1/2005 | AFH | Teleconference with creditor holding first lien on house. | | 0.1 |
| 115 | 11/1/2005 | JRB | Teleconference with client and her niece regarding mortgage company, foreclosure and related issues. | 0.5 | |
| 116 | 11/14/2005 | AMG | Receive and review clients' 1st payment to Trustee; draft forwarding letter to Trustee, forward to Trustee via facsimile and physically via US Mail. | | 0.3 |
| 117 | 11/18/2005 | MDB | Conference with client regarding mortgage issues and contract she entered with third party related to mortgage and foreclosure. | 0.5 | |
| 118 | 12/22/2005 | MDB | Teleconference with client regarding creditor listed in case. | 0.2 | |
| 119 | 1/9/2006 | MDB | Teleconference with client requesting payoff amount from Trustee.  Explained process. | 0.2 | |
| 120 | 1/9/2006 | MBH | Draft and forward request for client's payoff to Trustee | | 0.1 |
| 121 | 1/10/2006 | MBH | Receive and review response from Trustee regarding payoff amount. | | 0.1 |
| 122 | 1/10/2006 | AFB | Teleconference with client regarding response from Trustee regarding payoff amount. | | 0.1 |
| 123 | | | | | |
| 124 | | | | | |
| 125 | | | | | |
| 126 | | | | | |
| 127 | | | | | |
| 128 | | | **Total Initial Attorney Time** | 6.3 | |
| 129 | | | Hourly Rate ( $215.00) | $215.00 | |
| 130 | | | **Total Initial Attorney Fees** | $1,354.50 | |
| 131 | | | **Total Initial Para-Professional Time** | | 13.3 |
| 132 | | | Hourly Rate ($ 70.00) | | $70.00 |
| 133 | | | **Total Initial Para-Professional Fees** | | $931.00 |
| 134 | | | **Total Initial Attorney and Para-Professional Fees** | | $2,285.50 |
| 135 | | | **<Payments for Fees Received Prepetition from Client and/or through Trustee>** | | **$1,500.00** |
| 136 | | | **Total Initial Fees Due (Written Off by Boleman Law Firm)** | | **$785.50** |
| 137 | | | | | |
| 138 | | | | | |
| 139 | | | | | |
| 140 | | | | | |
| 141 | | | | | |
| 142 | | | | | |
| 143 | | | | | |
| 144 | | | | | |
| 145 | | | | | |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 146 | | | **SUPPLEMENTAL LEGAL SERVICES** | | |
| 147 | | | | | |
| 148 | | | ***Legal Services in Response to Multiple Issues Occurring Concurrently Throughout Pendency of Case:*** | | |
| 149 | | | ***(1) Objection to Plan by Select Portfolio Servicing;*** | | |
| 150 | | | ***(2) Multiple Objections to Plan by May-Lily Lee and Related Negotiations;*** | | |
| 151 | | | ***(3) Multiple Objections to Plan by Chrysler Financial;*** | | |
| 152 | | | ***(4) Multiple Modified Chapter 13 Plans;*** | | |
| 153 | | | ***(5) Motion for Adequate Protection by Chrysler Financial;*** | | |
| 154 | | | ***(6) Motion for Relief from Automatic Stay by Select Portfolio Servicing;*** | | |
| 155 | | | ***(7) Trustee's Motion to Dismiss for Payment Default.*** | | |
| 156 | | | | | |
| 157 | 11/21/2005 | AFB | Receive and review Objection to Chapter 13 Plan by Select Portfolio Servicing; update client management system to reflect Objection and related deadlines; draft and forward letter to client to inform of Objection to Confirmation and request a conference with client to review and respond. | | 0.2 |
| 158 | 11/28/2005 | MDB | Conference with client regarding issues related to plan modification and contract with Mrs. Lee. | 0.4 | |
| 159 | 11/30/2005 | AMG | Check client in at front desk requesting to speak with MDB, despite having no appointment. | | 0.1 |
| 160 | 12/1/2005 | AMG | Check client in at front desk requesting to speak with MDB, despite having no appointment. | | 0.1 |
| 161 | 12/1/2005 | MDB | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.4 | |
| 162 | 12/12/2005 | AMG | Conference with client regarding mortgage issues. | | 0.1 |
| 163 | 12/12/2005 | MDB | Conference with client regarding issues related to plan modification, contract with Mrs. Lee and client's use of attorney from Legal aid to assist her in filing a Truth in Lending Suit. | 0.7 | |
| 164 | 12/12/2005 | MDB | Teleconference with client's counsel, Henry McGlocklin, from Legal Aid regarding issues related to client's case as it relates to the Truth in Lending Suit they may file. | 0.2 | |
| 165 | 12/13/2005 | MDB | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 | |
| 166 | 12/13/2005 | MDB | Telephone conference with counsel for creditor to discuss resolution of Objection to Confirmation. | 0.2 | |
| 167 | 12/13/2005 | RCP | Preparation for hearing on Objection to Confirmation; conference with administrator regarding status of case and communications with client. | 0.1 | |
| 168 | 12/14/2005 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 169 | 12/14/2005 | RCP | Represent client at Hearing on Objection to Confirmation.  Continued. | 0.2 | |
| 170 | 12/14/2005 | AFB | Update client event calendar to reflect continuation and related deadlines; prepare and forward letter to client advising of continuation. | | 0.2 |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 171 | 12/22/2005 | MDB | Teleconference with client regarding issues relating to plan modification. | 0.2 | |
| 172 | 12/28/2005 | MBH | Teleconference with client regarding issues relating to plan modification. | | 0.1 |
| 173 | 12/29/2005 | RLB | Teleconference with client giving permission to discuss case with Andrew Hosa, who is helping her with a reverse mortgage. | | 0.1 |
| 174 | 12/29/2005 | JBA | Teleconference with client regarding possible reverse mortgage in order to resolve debts and contract with May-Lily Lee. | 0.1 | |
| 175 | 1/2/2006 | JBA | Teleconference with reverse mortgage representative regarding good faith estimate. | 0.2 | |
| 176 | 1/4/2006 | JRB | Teleconference with creditor in case involved with contract related to client's house. | 0.1 | |
| 177 | 1/10/2006 | MDB | Teleconference for creditor to discuss resolution of Objection to Confirmation. | 0.3 | |
| 178 | 1/10/2006 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 179 | 1/11/2006 | DHH | Represent client at Hearing on Objection to Confirmation.  Presented to Court.  Sustained. | 0.2 | |
| 180 | 1/11/2006 | AFB | Update client event calendar to reflect denial of confirmation and related deadlines; prepare and forward letter to client advising of denial of confirmation of Chapter 13 Plan and requesting an appointment to review and execute Modified Plan. | | 0.3 |
| 181 | 1/12/2006 | AFB | Receive and review Order Denying Confirmation.  Review calendar to confirm deadline for filing Modified Chapter 13 Plan. | | 0.1 |
| 182 | 1/12/2006 | MDB | Teleconference with client regarding multiple issues related to case management and plan modification. | 0.3 | |
| 183 | 1/18/2006 | MDB | Conference with client regarding multiple issues related to case management and plan modification. | 0.3 | |
| 184 | 1/20/2006 | MDB | Teleconference with counsel for creditor in case regarding issues related to case management. | 0.1 | |
| 185 | 1/25/2006 | MDB | Teleconference with counsel for creditor in case regarding issues related to case management. | 0.3 | |
| 186 | 1/25/2006 | MDB | Teleconference with client regarding issues related to contract with May-Lily Lee and issues of lien priority. | 0.2 | |
| 187 | 1/25/2006 | AFB | Access and review Chapter 13 Trustee's operating case report from website to assess claims and payment data for purposes of preparing Modified Chapter 13 Plan.  Prepare spreadsheet reflective of same.  Forward to attorney for review and approval. | | 0.3 |
| 188 | 1/25/2006 | MDB | Review and revise spreadsheet reflective of claims data, plan funding, term and operational analysis of plan for purposes of preparing Modified plan.  Prepare instructions to administrator for plan modification. | 0.3 | |
| 189 | 1/25/2006 | AFB | Draft and review Modified Chapter 13 Plan; compare to Schedules and instructions from attorney. | | 0.3 |
| 190 | 1/25/2006 | AFB | Teleconference with client to discuss need for and schedule office conference to review and execute Modified Chapter 13 Plan. | | 0.1 |
| 191 | 1/31/2006 | MDB | Conference with client to review, approve, and execute provisions of Modified Chapter 13 Plan.  Forward to ECF Department with instructions for filing and service of process. Also discussed other issues related to case. | 0.5 | |
| 193 | 1/31/2006 | APH | File Modified Plan via PACER, complete firm procedures regarding same, prepare copies pursuant to attorney instructions and forward for service. | | 0.3 |
| 194 | 1/31/2006 | AFB | Serve Modified Chapter 13 Plan on parties in interest. | | 0.3 |
| 195 | 2/1/2006 | MDB | Teleconference with counsel for creditor in case regarding issues related to case management. | 0.2 | |
| 196 | 2/7/2006 | MBH | Teleconference with client regarding case management. | | 0.1 |

|  | A | B | C | D | E |
|---|---|---|---|---|---|
| 197 | 2/10/2006 | AMG | Teleconference with client regarding case management. |  | 0.1 |
| 198 | 2/16/2006 | MDB | Teleconference with mortgage broker assisting our client in possible refinance. | 0.1 |  |
| 199 | 2/16/2006 | MDB | Draft and forward letter to counsel for creditor regarding client's attempt to refinance. | 0.1 |  |
| 200 | 2/17/2006 | MDB | Teleconference with counsel for May-Lily Lee regarding failure of Plan to properly provide for claim and lien; discuss complicated transaction and agree to meet to discuss settlement. | 0.3 |  |
| 201 | 2/17/2006 | MDB | Teleconference with client regarding meeting with creditor and her counsel to resolve contract issues related to her bankruptcy. | 0.3 |  |
| 202 | 2/17/2006 | MDB | Teleconference with counsel for creditor regarding meeting to resolve issues. | 0.1 |  |
| 203 | 2/21/2006 | MDB | Conference with client, creditor and her counsel regarding issues related to bankruptcy. | 1.0 |  |
| 204 | 2/22/2006 | AFB | Receive and review Objection to Chapter 13 Plan by May-Lily Lee; update client management system to reflect Objection and related deadlines; draft and forward letter to client to inform of Objection to Confirmation and request a conference with client to review and respond. |  | 0.2 |
| 205 | 2/27/2006 | MDB | Receive and review Objection to Confirmation by May-Lily Lee and review Chapter 13 Plan to determine basis for claim. | 0.2 |  |
| 206 | 2/27/2006 | MDB | Teleconference with client regarding resolution to case issues related to her home and vehicle. | 0.3 |  |
| 207 | 3/1/2006 | AFB | Teleconference with client regarding case management. |  | 0.1 |
| 208 | 3/3/2006 | MDB | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.2 |  |
| 209 | 3/3/2006 | MDB | Telephone conference with client to discuss resolution of Objection to Confirmation by May-Lily Lee. | 0.2 |  |
| 210 | 3/6/2006 | MDB | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 |  |
| 211 | 3/6/2006 | MDB | Telephone conference with creditor's counsel to discuss resolution of Objection to Confirmation. | 0.2 |  |
| 212 | 3/7/2006 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. |  | 0.1 |
| 213 | 3/8/2006 | JRB | Represent client at Hearing on Objection to Confirmation. | 0.2 |  |
| 214 | 3/8/2006 | AFB | Update client event calendar to reflect continuation and related deadlines; prepare and forward letter to client advising of continuation. |  | 0.2 |
| 215 | 3/9/2006 | MDB | Teleconference with client to set up appointment for conference to discuss Objection issues. | 0.1 |  |
| 216 | 3/14/2006 | MDB | Conference with client regarding resolution of May-Lily Lee's Objection. | 0.6 |  |
| 217 | 3/21/2006 | MDB | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 |  |
| 218 | 3/21/2006 | MDB | Telephone conference with creditor's counsel to discuss resolution of Objection to Confirmation. | 0.2 |  |
| 219 | 3/22/2006 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. |  | 0.1 |
| 220 | 3/22/2006 | JRB | Represent client at Hearing on Objection to Confirmation.  Sustained. | 0.2 |  |

|  | A | B | C | D | E |
|---|---|---|---|---|---|
| 221 | 3/22/2006 | AFB | Update client event calendar to reflect denial of confirmation and related deadlines; prepare and forward letter to client advising of denial of confirmation of Chapter 13 Plan and requesting an appointment to review and execute Modified Plan. |  | 0.3 |
| 222 | 3/22/2006 | AMG | Teleconference with client regarding case management. |  | 0.1 |
| 223 | 3/22/2006 | MDB | Teleconference with client regarding Objection hearing. | 0.2 |  |
| 224 | 3/22/2006 | MDB | Teleconference with counsel for creditor regarding plan modification in response to Objection. | 0.1 |  |
| 225 | 3/23/2006 | AFB | Receive and review Order Denying Confirmation.  Review calendar to confirm deadline for filing Modified Chapter 13 Plan. |  | 0.1 |
| 226 | 3/28/2006 | LTA | Teleconference with creditor requesting a meeting.  Informed her that she needed to speak with her attorney. | 0.1 |  |
| 227 | 3/30/2006 | MDB | Conference with client and JRB regarding modified plan. | 0.6 |  |
| 228 | 3/30/2006 | JRB | Conference with client and MDB regarding modified plan.  No charge. | 0 |  |
| 229 | 3/30/2006 | AFB | Access and review Chapter 13 Trustee's operating case report from website to assess claims and payment data for purposes of preparing Modified Chapter 13 Plan.  Prepare spreadsheet reflective of same.  Forward to attorney for review and approval. |  | 0.3 |
| 230 | 3/30/2006 | MDB | Review and revise spreadsheet reflective of claims data, plan funding, term and operational analysis of plan for purposes of preparing Modified plan.  Prepare instructions to administrator for plan modification. | 0.3 |  |
| 231 | 4/5/2006 | MDB | Draft and forward proposal to creditor's counsel regarding plan modification to resolve Objection. | 0.4 |  |
| 232 | 4/5/2006 | MDB | Teleconference with client regarding proposal sent to creditor's counsel. | 0.1 |  |
| 233 | 4/6/2006 | MDB | Teleconference with creditor's counsel regarding resolution to Objection through plan modification. | 0.2 |  |
| 234 | 4/6/2006 | AFB | Draft and review Modified Chapter 13 Plan; compare to Schedules and instructions from attorney. |  | 0.3 |
| 235 | 4/6/2006 | AFB | Teleconference with client to discuss need for and schedule office conference to review and execute Modified Chapter 13 Plan. |  | 0.1 |
| 236 | 4/11/2006 | MDB | Conference with client to review, approve, and execute provisions of Modified Chapter 13 Plan.  Forward to ECF Department with instructions for filing and service of process. | 0.4 |  |
| 238 | 4/11/2006 | APH | File Modified Plan via PACER, complete firm procedures regarding same, prepare copies pursuant to attorney instructions and forward for service. |  | 0.3 |
| 239 | 4/11/2006 | AFB | Serve Modified Chapter 13 Plan on parties in interest. |  | 0.3 |
| 240 | 4/24/2006 | LMH | Teleconference with client regarding case management. |  | 0.1 |
| 241 | 5/3/2006 | MBH | Teleconference with client regarding case management. |  | 0.1 |
| 242 | 5/3/2006 | AFB | Receive and review Objection to Chapter 13 Plan by DaimlerChrysler; update client management system to reflect Objection and related deadlines; draft and forward letter to client to inform of Objection to Confirmation and request a conference with client to review and respond. |  | 0.2 |
| 243 | 5/4/2006 | AFB | Receive and review Objection to Chapter 13 Plan by May-Lily Lee; update client management system to reflect Objection and related deadlines; draft and forward letter to client to inform of Objection to Confirmation and request a conference with client to review and respond. |  | 0.2 |
| 244 | 5/4/2006 | LMH | Telephone conference with client to discuss resolution of Objection to Confirmation by DaimlerChrysler and May-Lily Lee. |  | 0.1 |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 245 | 5/5/2006 | MDB | Receive and review Objections to Confirmation by DaimlerChrysler and review Chapter 13 Plan to determine basis for claim. | 0.4 | |
| 246 | 5/5/2006 | MDB | Teleconference with client regarding Objections to Confirmation and scheduling conference with involved parties. | 0.1 | |
| 247 | 5/5/2006 | MDB | Review case in preparation for hearing on Objections to Chapter 13 Plan, review merits of Objections, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.4 | |
| 248 | 5/15/2006 | MBH | Teleconference with client regarding case management. | | 0.1 |
| 249 | 5/15/2006 | MDB | Teleconference with client regarding appointment to resolve Objections. | 0.1 | |
| 250 | 5/15/2006 | MDB | Teleconference with client regarding appointment to resolve Objections and upcoming hearing. | 0.2 | |
| 251 | 5/16/2006 | MDB | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objections, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 | |
| 252 | 5/16/2006 | MDB | Telephone conference with counsel for May-Lily Lee to discuss resolution of Objection to Confirmation. | 0.1 | |
| 253 | 5/16/2006 | MDB | Telephone conference with counsel for DaimlerChrysler to discuss resolution of Objection to Confirmation. | 0.1 | |
| 254 | 5/17/2006 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 255 | 5/17/2006 | JRB | Represent client at Hearing on Objections to Confirmation. | 0.2 | |
| 256 | 5/17/2006 | AFB | Update client event calendar to reflect denial of confirmation and related deadlines; prepare and forward letter to client advising of denial of confirmation of Chapter 13 Plan and requesting an appointment to review and execute Modified Plan. | | 0.3 |
| 257 | 5/17/2006 | AFB | Receive and review Order Denying Confirmation.  Review calendar to confirm deadline for filing Modified Chapter 13 Plan. | | 0.1 |
| 258 | 5/18/2006 | MDB | Teleconference with client regarding appointment to resolve Objections. | 0.1 | |
| 259 | 5/18/2006 | MDB | Teleconference with client regarding appointment to resolve Objections. | 0.1 | |
| 260 | 5/18/2006 | RLB | Teleconference with client regarding case management. | | 0.1 |
| 261 | 5/22/2006 | MDB | Teleconference with client regarding appointment to resolve Objections. | 0.1 | |
| 262 | 5/22/2006 | MDB | Draft and forward correspondence to May-Lily Lee's counsel regarding upcoming conference. | 0.1 | |
| 263 | 5/22/2006 | MDB | Conference with client, JRB, creditor and her counsel regarding issues related to bankruptcy. | 1.0 | |
| 264 | 5/22/2006 | JRB | Conference with client, MDB, creditor and her counsel regarding issues related to bankruptcy.  No charge. | | |
| 265 | 5/26/2006 | AFB | Teleconference with client regarding plan modification. | | 0.1 |
| 266 | 6/5/2006 | MDB | Review and revise spreadsheet reflective of claims data, plan funding, term and operational analysis of plan for purposes of preparing Modified plan.  Prepare instructions to administrator for plan modification. | 0.3 | |
| 267 | 6/5/2006 | MDB | Teleconference with client regarding plan modification. | 0.1 | |
| 268 | 6/5/2006 | AFB | Draft and review Modified Chapter 13 Plan; compare to Schedules and instructions from attorney. | | 0.3 |
| 269 | 6/5/2006 | AFB | Teleconference with client to discuss need for and schedule office conference to review and execute Modified Chapter 13 Plan. | | 0.1 |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 270 | 6/6/2006 | MDB | Conference with client to review, approve, and execute provisions of Modified Chapter 13 Plan.  Forward to ECF Department with instructions for filing and service of process. | 0.5 | |
| 272 | 6/6/2006 | MDB | Teleconference with creditor's counsel regarding Plan modification. | 0.2 | |
| 273 | 6/6/2006 | MRS | File Modified Plan via PACER, complete firm procedures regarding same, prepare copies pursuant to attorney instructions and forward for service. | | 0.3 |
| 274 | 6/6/2006 | AFB | Serve Modified Chapter 13 Plan on parties in interest. | | 0.3 |
| 275 | 6/16/2006 | MDB | Teleconference with DaimlerChrysler's counsel regarding Plan Modification and possible additional objection. | 0.2 | |
| 276 | 6/22/2003 | AFB | Receive and review Objection to Chapter 13 Plan by DaimlerChrysler; update client management system to reflect Objection and related deadlines; draft and forward letter to client to inform of Objection to Confirmation and request a conference with client to review and respond. | | 0.2 |
| 277 | 6/23/2006 | RLB | Receive and review Motion for Adequate Protection, or, in the alternative, Relief from Stay by DaimlerChrysler; update client management system to reflect Motion and related deadlines; draft and forward letter to client to inform of Motion for Relief from Stay and request instruction from client regarding client's intent to respond to the Motion and the allegations. | | 0.3 |
| 278 | 6/26/2006 | RLB | Receive and review Amended Motion for Adequate Protection, or, in the alternative, Relief from Stay by DaimlerChrysler. | | 0.1 |
| 279 | 6/26/2006 | JBA | Receive and review Objection to Confirmation by DaimlerChrysler and review Chapter 13 Plan to determine basis for claim. | 0.2 | |
| 280 | 6/29/2006 | AFB | Receive and review Objection to Chapter 13 Plan by May-Lily Lee; update client management system to reflect Objection and related deadlines; draft and forward letter to client to inform of Objection to Confirmation and request a conference with client to review and respond. | | 0.2 |
| 281 | 7/7/2006 | MDB | Review case in preparation for hearing on Objections to Chapter 13 Plan, review merits of Objections, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.4 | |
| 282 | 7/7/2006 | MDB | Telephone conference with client to discuss resolution of Objection to Confirmation and Motion for Relief by DaimlerChrysler, and Objection by May-Lily Lee. | 0.2 | |
| 283 | 7/10/2006 | MDB | Teleconference with client regarding  appointment to discuss upcoming docket events. | 0.1 | |
| 284 | 7/11/2006 | MDB | Conference with client and JRB regarding resolution of Objections. | 0.5 | |
| 285 | 7/11/2006 | JRB | Conference with client and MDB regarding resolution of Objections.  No charge. | 0 | |
| 286 | 7/11/2006 | JBA | Draft Answer to Motion for Relief from Stay; execute and forward to ECF Department with instructions for filing. | 0.4 | |
| 287 | 7/11/2006 | MRS | File Answer to Motion for Adequate Protection, complete firm procedures regarding filing Answers. | | 0.2 |
| 288 | 7/11/2006 | RLB | Serve Answer to Motion Adequate from Stay on parties in interest. | | 0.1 |
| 289 | 7/11/2006 | JBA | Review case in preparation for hearing on Objections to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.2 | |
| 290 | 7/11/2006 | JBA | Telephone conference with counsels for DaimlerChrysler and May-Lily Lee to discuss resolution of Objections to Confirmation. | 0.2 | |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 291 | 7/12/2006 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 292 | 7/12/2006 | JBA | Represent client at Hearing on Objections to Confirmation. Continued on both. | 0.2 | |
| 293 | 7/12/2006 | AFB | Update client event calendar to reflect continuation and related deadlines; prepare and forward letter to client advising of denial of continuation. | | 0.2 |
| 294 | 7/20/2006 | MBH | Teleconference with client regarding case management. | | 0.1 |
| 295 | 7/21/2006 | JRB | Conference with client to review and discuss case issues. | 0.3 | |
| 296 | 7/24/2006 | JRB | Review case in preparation for hearing on Objections to Chapter 13 Plan, review merits of matters, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Prepare argument. | 0.6 | |
| 297 | 7/25/2006 | JBA | Telephone conference with counsels for DaimlerChrysler and May-Lily Lee to discuss resolution of Objection to Confirmation. | 0.3 | |
| 298 | 7/26/2006 | MBH | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 299 | 7/26/2006 | JRB | Represent client at Hearing on Objections to Confirmation.  Chrysler matter presented to Court, Objections sustained. | 0.4 | |
| 300 | 7/26/2006 | AFB | Update client event calendar to reflect denial of confirmation and related deadlines related to May-Lily Lee's Objection and continuation related to the DaimlerChrysler Objection; prepare and forward letter to client advising of Continuation and denial of confirmation of Chapter 13 Plan and requesting an appointment to review and execute Modified Plan. | | 0.3 |
| 301 | 7/26/2006 | AFB | Receive and review Order Denying Confirmation.  Review calendar to confirm deadline for filing Modified Chapter 13 Plan. | | 0.1 |
| 302 | 7/31/2006 | AFB | Teleconference with client to discuss need for and schedule office conference to review and execute Modified Chapter 13 Plan. | | 0.1 |
| 303 | 7/31/2006 | AFB | Teleconference with client to discuss need for and schedule office conference to review and execute Modified Chapter 13 Plan. | | 0.1 |
| 304 | 7/31/2006 | AFB | Access and review Chapter 13 Trustee's operating case report from website to assess claims and payment data for purposes of preparing Modified Chapter 13 Plan.  Prepare spreadsheet reflective of same.  Forward to attorney for review and approval. | | 0.3 |
| 305 | 8/4/2006 | JRB | Review and revise spreadsheet reflective of claims data, plan funding, term and operational analysis of plan for purposes of preparing Modified plan.  Prepare instructions to administrator for plan modification. | 0.8 | |
| 306 | 8/4/2006 | AFB | Draft and review Modified Chapter 13 Plan; compare to Schedules and instructions from attorney. | | 0.3 |
| 307 | 8/4/2006 | JRB | Conference with client to review, approve, and execute provisions of Modified Chapter 13 Plan. | 0.9 | |
| 308 | 8/8/2006 | JRB | Review case in preparation for hearing on Chrysler's Motion for Adequate Protection, review merits, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.3 | |
| 309 | 8/8/2006 | JRB | Telephone conference with creditor's counsel to discuss resolution of Objection to Confirmation. | 0.2 | |

|     | A | B | C | D | E |
|-----|---|---|---|---|---|
| 310 | 8/9/2006 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 311 | 8/9/2006 | JRB | Represent client at Motion for Adequate Protection.  Continued pending settlement. | 0.2 | |
| 312 | 8/9/2006 | AFB | Update client event calendar to reflect denial of confirmation and related deadlines; prepare and forward letter to client advising of denial of confirmation of Chapter 13 Plan and requesting an appointment to review and execute Modified Plan. | | 0.3 |
| 313 | 8/11/2006 | JRB | Teleconference with client regarding case issues, especially with respect to Chrysler claim and payment. | 0.3 | |
| 314 | 8/11/2006 | JRB | Teleconference with May-Lily Lee's counsel regarding resolution of issues. | 0.1 | |
| 315 | 8/15/2006 | JRB | Review and revise spreadsheet reflective of claims data, plan funding, term and operational analysis of plan for purposes of preparing Modified plan.  Prepare instructions to administrator for plan modification. | 0.5 | |
| 316 | 8/15/2006 | AFB | Draft and review Modified Chapter 13 Plan; compare to Schedules and instructions from attorney. | | 0.3 |
| 317 | 8/15/2006 | JRB | Conference with client to review, approve, and execute provisions of Modified Chapter 13 Plan.  Forward to ECF Department with instructions for filing and service of process. | 0.4 | |
| 318 | 8/15/2006 | MRS | File Modified Plan via PACER, complete firm procedures regarding same, prepare copies pursuant to attorney instructions and forward for service. | | 0.3 |
| 319 | 8/15/2006 | AFB | Serve Modified Chapter 13 Plan on parties in interest. | | 0.3 |
| 320 | 8/15/2006 | JRB | Teleconference with creditor's counsel regarding resolution of Motion for Relief from Stay (Adequate Protection).  Discuss proposed terms of settlement. | 0.2 | |
| 321 | 8/15/2006 | JRB | Teleconference with client to advise of settlement of Motion for Relief from Stay (Adequate Protection), review and discuss terms of settlement. | 0.2 | |
| 322 | 8/15/2006 | RLB | Receive and review proposed Consent Order settling Motion for Relief from Stay from creditor's counsel; forward to Motion for Relief Attorney. | | 0.1 |
| 323 | 8/15/2006 | JRB | Receive and review proposed Consent Order settling Motion for Relief from Stay from creditor's counsel; endorse and forward to creditor's counsel. | 0.2 | |
| 324 | 8/15/2006 | RLB | Draft letter to client with copy of Consent Order settling Motion for Relief from Stay to advise client of terms and conditions of automatic stay imposed by the Order.  Forward to attorney for review and approval. | | 0.3 |
| 325 | 8/15/2006 | JRB | Receive and review draft letter to client regarding Consent Order settling Motion for Relief from Stay, confirm accuracy and consistency with Consent Order, endorse same and forward to client. | 0.2 | |
| 326 | 8/16/2006 | JRB | Represent client at Motion for Adequate Protection.  Settled. | 0.2 | |
| 327 | 8/16/2006 | RLB | Review report from attorney regarding status of case with respect to Motion for Relief from Stay, update client management system records accordingly. | | 0.1 |
| 328 | 8/17/2006 | JRB | Teleconference with client regarding case issues. | 0.1 | |
| 329 | 8/21/2006 | JBA | Teleconference with client regarding case issues. | 0.1 | |
| 330 | 8/21/2006 | RLB | Receive and review Order Modifying Stay as entered by Bankruptcy Court. | | 0.1 |
| 331 | 8/21/2006 | JRB | Teleconference with client's nephew regarding client's case. | 0.1 | |

|  | A | B | C | D | E |
|---|---|---|---|---|---|
| 332 | 8/25/2006 | AFB | Receive and review Objection to Chapter 13 Plan by May-Lily Lee; update client management system to reflect Objection and related deadlines; draft and forward letter to client to inform of Objection to Confirmation and request a conference with client to review and respond. |  | 0.2 |
| 333 | 8/28/2006 | AFB | Telephone conference with client to discuss resolution of Objection to Confirmation by May-Lily Lee. |  | 0.2 |
| 334 | 8/28/2009 | JRB | Receive and review Objection to Confirmation by May-Lily Lee and review Chapter 13 Plan to determine basis for claim. | 0.2 |  |
| 335 | 8/29/2006 | JRB | Teleconference with client's nephew regarding client's case and scheduling office conference. | 0.4 |  |
| 336 | 8/31/2006 | JRB | Conference with client and her nephew regarding issues related to Objection and case management. | 1.2 |  |
| 337 | 9/15/2006 | JRB | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.4 |  |
| 338 | 9/15/2006 | JRB | Conference with client regarding settlement related to Objection. | 0.6 |  |
| 339 | 9/19/2006 | JRB | Teleconference with client regarding case issues and appointment for office conference. | 0.2 |  |
| 340 | 9/20/2006 | JRB | Teleconference with May-Lily Lee's counsel regarding resolution of issues. | 0.1 |  |
| 341 | 9/20/2006 | JRB | Conference with client regarding settlement related to Objection. | 0.2 |  |
| 342 | 9/25/2006 | JRB | Teleconference with May-Lily Lee's counsel regarding resolution of issues. | 0.1 |  |
| 343 | 9/26/2006 | JRB | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 |  |
| 344 | 9/27/2006 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. |  | 0.1 |
| 345 | 9/27/2006 | JRB | Represent client at Hearing on Objection to Confirmation.  Continued. | 0.2 |  |
| 346 | 9/29/2006 | AFB | Update client event calendar to reflect continuation and related deadlines; prepare and forward letter to client advising of continuation. |  | 0.3 |
| 347 | 10/10/2006 | JRB | Receive and review settlement proposal from May-Lily Lee's counsel. | 0.1 |  |
| 348 | 10/10/2006 | JRB | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 |  |
| 349 | 10/10/2006 | JRB | Telephone conference with  counsel for May-Lily Lee  to discuss resolution of Objection to Confirmation. | 0.2 |  |
| 350 | 10/10/2006 | JRB | Teleconference with client to schedule appointment regarding resolution of Objection. | 0.1 |  |
| 351 | 10/10/2006 | AMG | Teleconference with client regarding scheduling appointment. |  | 0.1 |
| 352 | 10/11/2006 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. |  | 0.1 |
| 353 | 10/11/2006 | JRB | Represent client at Hearing on Objection to Confirmation.  Continued. | 0.2 |  |
| 354 | 10/13/2006 | AFB | Update client event calendar to reflect continuation and related deadlines; prepare and forward letter to client advising of continuation. |  | 0.3 |
| 355 | 10/27/2006 | MBH | Teleconference with client to schedule appointment regarding resolution of Objection. |  | 0.1 |
| 356 | 10/30/2006 | MBH | Teleconference with client regarding scheduling appointment. |  | 0.1 |
| 357 | 10/31/2006 | JRB | Teleconference with client regarding settlement with May-Lily Lee. | 0.3 |  |

|     | A | B | C | D | E |
|-----|---|---|---|---|---|
| 358 | 11/1/2006 | JRB | Conference with client regarding settlement with May-Lily Lee. | 0.3 | |
| 359 | 11/7/2006 | JRB | Teleconference with client's daughter regarding settlement with May-Lily Lee. | 0.1 | |
| 360 | 11/7/2006 | JRB | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 | |
| 361 | 11/7/2006 | JRB | Teleconference with counsel for May-Lily Lee to discuss resolution of Objection to Confirmation. | 0.2 | |
| 362 | 11/8/2006 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 363 | 11/8/2006 | JRB | Represent client at Hearing on Objection to Confirmation.  Continued. | 0.2 | |
| 364 | 11/9/2006 | AFB | Update client event calendar to reflect continuation and related deadlines; prepare and forward letter to client advising of continuation. | | 0.3 |
| 365 | 11/9/2006 | JRB | Teleconference with client regarding contact with her daughter. | 0.1 | |
| 366 | 12/5/2006 | JRB | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 | |
| 367 | 12/5/2006 | JRB | Teleconference with counsel for May-Lily Lee to discuss resolution of Objection to Confirmation. | 0.2 | |
| 368 | 12/6/2006 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 369 | 12/6/2006 | JBA | Represent client at Hearing on Objection to Confirmation.  Continued. | 0.2 | |
| 370 | 12/6/2006 | AFB | Update client event calendar to reflect continuation and related deadlines; prepare and forward letter to client advising of continuation. | | 0.3 |
| 371 | 12/28/2006 | AFB | Teleconference with client regarding case issues. | | 0.1 |
| 372 | 1/4/2007 | AMG | Teleconference with client regarding case issues. | | 0.1 |
| 373 | 1/8/2007 | ATM | Register client's arrival at office for consultation with counsel regarding case issues. | | 0.1 |
| 374 | 1/8/2007 | SCS | Conference with client regarding Objection. | 0.1 | |
| 375 | 1/9/2007 | JRB | Conference with client regarding Objection. | 0.8 | |
| 376 | 1/9/2007 | JRB | Teleconference with client's daughter regarding settlement with May-Lily Lee. | 0.3 | |
| 377 | 1/9/2007 | JRB | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 | |
| 378 | 1/10/2007 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 379 | 1/10/2007 | JBA | Represent client at Hearing on Objection to Confirmation.  Continued. | 0.2 | |
| 380 | 1/10/2007 | AFB | Update client event calendar to reflect continuation and related deadlines; prepare and forward letter to client advising of continuation. | | 0.3 |
| 381 | 1/23/2007 | JRB | Teleconference with client's daughter regarding settlement with May-Lily Lee. | 0.1 | |
| 382 | 1/23/2007 | JRB | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 | |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 383 | 1/23/2007 | JRB | Teleconference with counsel for May-Lily Lee to discuss resolution of Objection to Confirmation. | 0.2 | |
| 384 | 1/24/2007 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 385 | 1/24/2007 | JRB | Represent client at Hearing on Objection to Confirmation.  Continued. | 0.2 | |
| 386 | 1/24/2007 | AFB | Update client event calendar to reflect continuation and related deadlines; prepare and forward letter to client advising of continuation. | | 0.3 |
| 387 | 1/26/2007 | JRB | Teleconference with client regarding issues with Objection. | 0.1 | |
| 388 | 2/5/2007 | JBA | Teleconference with JRB regarding status of case for conference with client's daughter. | 0.2 | |
| 389 | 2/5/2007 | JBA | Teleconference with client's daughter regarding settlement with May-Lily Lee. | 0.1 | |
| 390 | 2/6/2007 | JBA | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 | |
| 391 | 2/6/2007 | JBA | Teleconference with counsel for May-Lily Lee to discuss resolution of Objection to Confirmation. | 0.2 | |
| 392 | 2/7/2007 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 393 | 2/7/2007 | JRB | Represent client at Hearing on Objection to Confirmation.  Continued. | 0.2 | |
| 394 | 2/7/2007 | AFB | Update client event calendar to reflect continuation and related deadlines; prepare and forward letter to client advising of continuation. | | 0.3 |
| 395 | 2/8/2007 | JBA | Teleconference with client to set up appointment for conference to discuss Objection issues. | 0.1 | |
| 396 | 2/9/2007 | STU | Teleconference with client regarding mortgage issues. | 0.2 | |
| 397 | 2/9/2007 | STU | Review PACER regarding pleadings filed by mortgage company based on client's assertions of same. | 0.1 | |
| 398 | 2/11/2007 | JBA | Review settlement proposal from May-Lily Lee. | 0.2 | |
| 399 | 2/11/2007 | JBA | Draft and forward letter to counsel for May-Lily Lee regarding change needed in settlement. | 0.1 | |
| 400 | 2/12/2007 | JBA | Conference with client regarding settlement related to Objection. | 0.6 | |
| 401 | 2/12/2007 | JBA | Teleconference with client regarding settlement discussion and deed of trust to be provided to creditor. | 0.1 | |
| 402 | 2/14/2007 | RLB | Receive and review Motion for Relief from Stay by Select Portfolio Servicing; update client management system to reflect Motion and related deadlines; draft and forward letter to client to inform of Motion for Relief from Stay and request instruction from client regarding client's intent to respond to the Motion and the allegations. | | 0.3 |
| 403 | 2/14/2007 | JBA | Receive and review Motion for Relief from Stay by Select Portfolio Servicing and review chapter 13 plan to determine basis for claim. | 0.2 | |
| 404 | 2/19/2007 | JBA | Teleconference with client's daughter regarding settlement with May Lily-Lee. | 0.1 | |
| 405 | 2/20/2007 | AJS | Teleconference with client to discuss case issues. | | 0.1 |
| 406 | 2/20/2007 | JBA | Teleconference with client regarding Motion for Relief and Objection issues. | 0.1 | |
| 407 | 2/21/2007 | JBA | Teleconference with client's daughter regarding settlement with May Lily-Lee. | 0.5 | |
| 408 | 2/22/2007 | JBA | Teleconference with client regarding Motion for Relief and Objection issues. | 0.6 | |
| 409 | 2/26/2007 | RLB | Receive and review client's written response to Motion for Relief with instructions regarding appropriate response to creditor.  Review Motion for Relief from Stay to assess appropriate manner of responding to creditor. | | 0.1 |

|     | A | B | C | D | E |
|-----|---|---|---|---|---|
| 410 | 3/6/2007 | AMG | Teleconference with client to discuss case issues | | 0.1 |
| 411 | 3/6/2007 | JRB | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 | |
| 412 | 3/6/2007 | JRB | Teleconference with counsel for May-Lily Lee to discuss resolution of Objection to Confirmation. | 0.2 | |
| 413 | 3/7/2007 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 414 | 3/7/2007 | JBA | Represent client at Hearing on Objection to Confirmation.  Continued. | 0.2 | |
| 415 | 3/8/2007 | AFB | Update client event calendar to reflect continuation and related deadlines; prepare and forward letter to client advising of continuation. | | 0.3 |
| 416 | 3/12/2007 | STU | Review case in preparation for hearing on Motion for Relief from Stay to assess status, whether contested or settled.  Update docket notes accordingly. | 0.2 | |
| 417 | 3/12/2007 | STU | Teleconference with client regarding Motion for Relief from Stay, discuss options for resolving same, and obtain information necessary to respond. | 0.3 | |
| 418 | 3/12/2007 | STU | Teleconference with creditor's counsel regarding resolution of Motion for Relief from Stay.  Discuss proposed terms of settlement. | 0.1 | |
| 420 | 3/13/2007 | STU | Teleconference with creditor's counsel regarding resolution of Motion for Relief from Stay.  Will send Consent Order. | 0.1 | |
| 421 | 3/13/2007 | STU | Teleconference with client to advise of settlement of Motion for Relief from Stay, review and discuss terms of settlement. | 0.3 | |
| 422 | 3/13/2007 | STU | Teleconference with creditor's counsel regarding resolution of Motion for Relief from Stay. Request continuance for client to prove recent payments. | 0.1 | |
| 423 | 3/13/2007 | STU | Teleconference with client to advise of settlement of Motion for Relief from Stay, review and discuss terms of settlement. | 0.2 | |
| 424 | 3/14/2007 | JBA | Represent client at Preliminary Hearing on Motion for Relief from Stay.  Continued. | 0.2 | |
| 425 | 3/14/2007 | RLB | Review report from attorney regarding status of case with respect to Motion for Relief from Stay, update client management system records accordingly. | | 0.1 |
| 426 | 3/15/2007 | JBA | Teleconference with client regarding Motion for Relief. | 0.2 | |
| 427 | 3/19/2007 | JBA | Teleconference with client regarding Motion for Relief and Objection. | 0.1 | |
| 428 | 3/20/2007 | RLB | Receive and review client's proof of payments for Motion for Relief. | | 0.1 |
| 429 | 3/20/2007 | JBA | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 | |
| 430 | 3/21/2007 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 431 | 3/21/2007 | JBA | Represent client at Hearing on Objection to Confirmation.  Continued. | 0.2 | |
| 432 | 3/21/2007 | AFB | Update client event calendar to reflect continuation and related deadlines; prepare and forward letter to client advising of continuation. | | 0.3 |
| 433 | 3/21/2007 | JBA | Teleconference with mortgage company's counsel regarding order to settle Motion for Relief. | 0.1 | |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 434 | 3/27/2007 | JBA | Multiple teleconferences with client and her daughter regarding proof of payments to mortgage company and issues affecting potential settlement of Motion for Relief from Stay. | 0.8 | |
| 435 | 3/27/2007 | RLB | Receive and review proposed Consent Order settling Motion for Relief from Stay from creditor's counsel; forward to Motion for Relief Attorney. | | 0.1 |
| 436 | 4/5/2007 | JBA | Receive and review proposed Consent Order settling Motion for Relief from Stay from creditor's counsel; endorse and forward to creditor's counsel. | 0.2 | |
| 437 | 4/5/2007 | JBA | Teleconference with counsel for May-Lily Lee regarding proof of payments and deed of trust. | 0.1 | |
| 438 | 4/10/2007 | AFB | Teleconference with mortgage company's counsel regarding Consent Order. | | 0.1 |
| 439 | 4/10/2007 | JBA | Teleconference with mortgage company's counsel regarding Consent Order. | 0.1 | |
| 440 | 4/12/2007 | JBA | Teleconference with client regarding mortgage payment issues. | 0.2 | |
| 441 | 4/12/2007 | JBA | Conference with client regarding returned mortgage payment. | 0.1 | |
| 442 | 4/12/2007 | JBA | Draft and forward correspondence to mortgage company's counsel regarding returned payment. | 0.1 | |
| 443 | 4/13/2007 | RLB | Receive and review Order Modifying Stay as entered by Bankruptcy Court. | | 0.1 |
| 444 | 4/16/2007 | JBA | Teleconference with client regarding mortgage payments and mailing. | 0.1 | |
| 445 | 4/16/2007 | JBA | Draft and forward to mortgage company's counsel regarding client's sent payments. | 0.1 | |
| 446 | 4/23/2007 | RLB | Draft letter to client with copy of Consent Order settling Motion for Relief from Stay to advise client of terms and conditions of automatic stay imposed by the Order.  Forward to attorney for review and approval. | | 0.4 |
| 447 | 4/23/2007 | STU | Receive and review draft letter to client regarding Consent Order settling Motion for Relief from Stay, confirm accuracy and consistency with Consent Order, endorse same and forward to client. | 0.2 | |
| 448 | 4/24/2007 | JBA | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 | |
| 449 | 4/24/2007 | JBA | Teleconference with counsel for May-Lily Lee to discuss resolution of Objection to Confirmation. | 0.2 | |
| 450 | 4/25/2007 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 451 | 4/25/2007 | JBA | Represent client at Hearing on Objection to Confirmation.  Continued. | 0.2 | |
| 452 | 4/25/2007 | AFB | Update client event calendar to reflect continuation and related deadlines; prepare and forward letter to client advising of continuation. | | 0.3 |
| 453 | 4/25/2007 | JBA | Teleconference with client regarding status of Objection and plan payments. | 0.1 | |
| 454 | 5/1/2007 | DKU | Review Trustee's website to determine client's payment status and extent of default; draft and forward letter to client to inform of Motion to Dismiss and request a conference to review and respond. | | 0.3 |
| 455 | 5/8/2007 | MCL | Draft and revise letter to Trustee regarding disbursements in case made in violation of Court order resolving adequate protection issue.  Forward same to Trustee. | 0.5 | |
| 456 | 5/8/2007 | MCL | Teleconference with Trustee regarding adequate protection order and payment of fees to BLF. | 0.1 | |
| 457 | 5/8/2007 | JBA | Review case in preparation for hearing on Objection to Chapter 13 Plan, review merits of Objection, review Trustee website to assess status of payments, and review Chapter 13 Plan and budget to assess issues related to potential Plan modification.  Update docket notes. | 0.1 | |
| 458 | 5/8/2007 | JBA | Teleconference with counsel for May-Lily Lee to discuss resolution of Objection to Confirmation. | 0.2 | |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 459 | 5/9/2007 | AFB | Review report from attorney regarding status of case with respect to Objection to Chapter 13 Plan, update client management system records accordingly. | | 0.1 |
| 460 | 5/9/2007 | JBA | Represent client at Hearing on Objection to Confirmation.  Continued. | 0.2 | |
| 461 | 5/11/2007 | AFB | Update client event calendar to reflect continuation and related deadlines; prepare and forward letter to client advising of continuation. | | 0.3 |
| 462 | 5/15/2007 | JPP | Teleconference with client regarding status of Objection and Motion to Dismiss. | | 0.2 |
| 463 | 5/17/2007 | DKU | Receive and review client's evidence of payment to Trustee to cure arrears; draft forwarding letter to Trustee, forward with proof of to Trustee. | | 0.3 |
| 464 | 5/17/2007 | AMG | Teleconference with client regarding case issues. | | 0.1 |
| 465 | 5/17/2007 | JMF | Teleconference with client regarding car being repossessed following default in payments to Trustee and, hence, default pursuant to Order Settling Motion for Adequate Protection. | 0.5 | |
| 466 | 5/17/2007 | JMF | Teleconference with client regarding car being repossessed and Motion to Dismiss. | 0.4 | |
| 467 | 5/22/2007 | JBA | Receive and review correspondence from client's daughter regarding repossessed car. | 0.2 | |
| 468 | 5/22/2007 | JBA | Conference with JRB regarding continuing litigation and related case issues. | 0.1 | |
| 469 | 5/22/2007 | JRB | Conference with JBA regarding continuing litigation and related case issues.  No charge. | 0.0 | |
| 470 | 5/22/2007 | JBA | Draft and forward response to client's daughter regarding repossessed vehicle. | 0.1 | |
| 471 | 5/22/2007 | JBA | Teleconference with client regarding contact with daughter and issues related to plan payments.  Set office appointment. | 0.2 | |
| 472 | 5/23/2007 | DKU | Teleconference with client regarding repossessed vehicle. | 0.3 | |
| 473 | 5/23/2007 | JBA | Conference call with JRB and client's daughter regarding continuing litigation and resolution of case issues. | 0.9 | |
| 474 | 5/23/2007 | JRB | Conference call with JBA and client's daughter regarding continuing litigation and resolution of case issues.  No charge. | 0.0 | |
| 475 | 5/24/2007 | JMF | Teleconference with client regarding repossessed vehicle. | 0.2 | |
| 476 | 5/28/2007 | JBA | Draft and forward request for deed of trust and change in payment date to counsel for May-Lily Lee. | 0.1 | |
| 477 | 5/31/2007 | JBA | Teleconference with client regarding appointment. | 0.1 | |
| 478 | 5/31/2007 | AFB | Access and review Chapter 13 Trustee's operating case report from website to assess claims and payment data for purposes of preparing Modified Chapter 13 Plan.  Prepare spreadsheet reflective of same.  Forward to attorney for review and approval. | | 0.2 |
| 479 | 5/31/2007 | JBA | Review and revise spreadsheet reflective of claims data, plan funding, term and operational analysis of plan for purposes of preparing Modified plan.  Prepare instructions to administrator for plan modification. | 0.6 | |
| 480 | 5/31/2007 | AFB | Draft and review Modified Chapter 13 Plan; compare to Schedules and instructions from attorney. | | 0.4 |
| 481 | 6/1/2007 | JBA | Conference with client to review, approve, and execute provisions of Modified Chapter 13 Plan.  Forward to ECF Department with instructions for filing and service of process. | 0.2 | |
| 483 | 6/4/2007 | MRS | File Modified Plan via PACER, complete firm procedures regarding same, prepare copies pursuant to attorney instructions and forward for service. | | 0.3 |
| 484 | 6/4/2007 | AFB | Serve Modified Chapter 13 Plan on parties in interest. | | 0.3 |
| 485 | 6/4/2007 | JMF | Review case in preparation for hearing on Motion to Dismiss to assess status of payments and/or proper Plan funding.  Update docket notes. | 0.2 | |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 486 | 6/5/2007 | JMF | Teleconference with Trustee regarding proposed resolution of Motion to Dismiss. | 0.1 | |
| 487 | 6/6/2007 | JMF | Represent client at Hearing on Trustee's Motion to Dismiss.  Withdrawn. | 0.2 | |
| 488 | 6/6/2007 | DKU | Review report from attorney regarding status of case with respect to Motion to Dismiss, update client management system records accordingly. | | 0.1 |
| 489 | 6/7/2007 | JBA | Teleconference with client regarding Modified Plan, Objection, and Motion to Dismiss. | 0.4 | |
| 490 | 6/12/2007 | JBA | Scan and forward documents to client's daughter regarding transaction with May-Lily Lee, per client's request. | 0.1 | |
| 491 | 7/5/2007 | JBA | Teleconference with client's daughter regarding mortgage payments. | 0.1 | |
| 492 | 7/16/2007 | JBA | Draft and forward request for payment booklet to mortgage company's counsel. | 0.1 | |
| 493 | 7/16/2007 | JBA | Teleconference with client regarding case issues. | 0.1 | |
| 494 | 7/23/2007 | LTA | Teleconference with client regarding confirmation order, implications concerning case, and continuing issues requiring settlement with May-Lily Lee. | 0.3 | |
| 495 | 7/23/2007 | SCS | Teleconference with client regarding information sent to daughter. | 0.1 | |
| 496 | 9/13/2007 | JBA | Draft and forward letter to client's daughter regarding deed of trust. | 0.1 | |
| 497 | 9/14/2007 | JBA | Edit deed of trust for resolution of settlement negotiations with May-Lily Lee. | 0.4 | |
| 498 | 9/21/2007 | MBH | Teleconference with client regarding trustee payment. | | 0.1 |
| 499 | 9/24/2007 | JBA | Teleconference with client and daughter regarding deed of trust and unresolved issues with May-Lily Lee. | 0.3 | |
| 500 | 9/26/2007 | JBA | Edit and revise Deed of Trust regarding interest of May-Lily Lee. | 0.5 | |
| 501 | 10/3/2007 | JBA | Review email from client's daughter addressing the message I sent her attaching proof of payment of May-Lily Lee to the mortgage company.  Called and left message responding to inquiry. | 0.1 | |
| 502 | 10/3/2007 | JBA | Receive and review email from client's daughter requesting further proof of payment made by May-Lily Lee to mortgage company. | 0.1 | |
| 503 | 10/4/2007 | JBA | Teleconference with SCS, client and daughter regarding deed of trust and unresolved issues with May-Lily Lee. Office conference with SCS re follow-up issues. | 0.4 | |
| 504 | 10/4/2007 | SCS | Teleconference with JBA, client and daughter regarding deed of trust and unresolved issues with May-Lily Lee. Office conference with JBA re follow-up issues.  No charge. | 0.0 | |
| 505 | 10/4/2007 | JBA | Email revised Deed of Trust to counsel for May-Lily Lee for review and comment. | 0.1 | |
| 506 | 10/4/2007 | JBA | Draft and forward correspondence to counsel for Select Portfolio Servicing requesting payment history on mortgage debt for purposes of resolving dispute between client and May-Lily Lee. | 0.2 | |
| 507 | | | | | |
| 508 | | | ***Legal Services Necessary for Supplemental Fee Application*** | | |
| 509 | 10/4/2007 | MCL | Review, prepare and submit for filing Supplemental Fee Application and attached exhibits.  (Actual time=6.5) | 1.0 | |
| 510 | | | | | |
| 511 | | | | | |
| 512 | | | | | |
| 513 | | | | | |
| 514 | | | | | |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 515 | | | **Total Supplemental Attorney Time** | 53.2 | |
| 516 | | | Hourly Rate ( $215.00) | $215.00 | |
| 517 | | | **Total Supplemental Attorney Fees** | $11,438.00 | |
| 518 | | | **Total Supplemental Para-Professional Time** | | 21.9 |
| 519 | | | Hourly Rate ($ 70.00) | | $70.00 |
| 520 | | | **Total Supplemental Para-Professional Fees** | | $1,533.00 |
| 521 | | | | | |
| 522 | | | **Total Supplemental Attorney and Para-Professional Fees** | | **$12,971.00** |
| 523 | | | **<Voluntary 40% Courtesy Write Down in Favor of Client>** | | **$5,188.40** |
| 524 | | | | | |
| 525 | | | **Supplemental Fees Requested for Allowance** | | **$7,782.60** |
| 526 | | | **<Application of Funds Paid by Trustee for Reimbursement of Expenses>** | | **$0.00** |
| 527 | | | **Supplemental Fees to be Paid through Trustee** | | **$7,782.60** |

**Debtor(s): Green, Earline T.**

| Itemized Statement of Boleman Law Firm's Expenses | |
|---|---|
| | **Amount** |
| Bankruptcy Court Filing Fee | 194.00 |
| Equifax Credit Reports @ $5.00 per person | 5.00 |
| Circuit Court Filing Fee - Homestead Deed @ $21.00 | 21.00 |
| Printing & Photocopies Necessary to Preparing and Filing Petition, Schedules & Statement of Affairs @ $0.15 per printed pg (double-sided copies counted 2x) | 64.20 |
| Printing & Photocopies Necessary to Preparing and Filing Amended Schedules @ $0.15 per printed pg (double-sided copies counted 2x) | 0.00 |
| Printing & Photocopies Necessary to Preparing and Filing Ch. 13 Plan and Modified Plans @ $0.15 per printed pg (double-sided copies counted 2x) | 270.75 |
| Printing & Photocopies Necessary to Legal Services for Contested Matters, Adversary Proceedings, and Filing and Service of Pleadings and/or Notices @ $0.15 per printed pg (double-sided copies counted 2x) | 78.15 |
| Printing & Photocopies Necessary to Legal Services for Bankruptcy Case Administration @ $0.15 per printed pg (double-sided copies counted 2x) | 8.25 |
| Postage @ actual cost (various rates based on weight and class) | 155.56 |
| Facsimiles @ $1.00 per page | 14.00 |
| PACER @ $0.08 per page | 3.92 |
| | |
| **Total Actual and Necessary Expenses** | **$ 814.83** |
| Minus Amount Paid Prepetition by Debtor and Applied to Expenses | $ 215.00 |
| Minus Amount Paid Through Trustee and Applied to Expenses | $ 280.00 |
| **Actual and Necessary Expenses Requested for Reimbursement** | **$ 319.83** |