**Tax Map Parcel Nos.**

_____

<u>**Exhibit B**</u>

**THIS DEED OF TRUST, made and entered into this ___ day of October, 2007, by and between EARLINE TURNER <u>GREEN</u>, hereinafter referred to as "Borrower", party of the first part, and MARK A. <u>FLECKENSTEIN</u>, of the City of Richmond, Virginia, and KEITH L. <u>PHILLIPS</u> of the County of Henrico, Virginia, both of whom have a business address of 311 S. Boulevard, Richmond, Virginia 23220-5705, hereinafter referred to as "Trustees", parties of the second part, either or both of whom may act;**

W I T N E S S E T H :

THAT FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) cash in hand paid, and other good and valuable considerations, the receipt of all of which is hereby acknowledged by the party of the first part, the said party of the first part does hereby grant and convey with GENERAL WARRANTY AND ENGLISH COVENANTS OF TITLE unto the party of the second part the following described real estate, to-wit:

See Attached Schedule "A"

Together with all buildings, improvements, timber, mineral, oil and gas rights, easements and appurtenances now or hereafter existing or attached thereto; and all of the foregoing together with the above described real estate are referred to in the Deed of Trust as the "property".

IN TRUST to secure unto MAY-LILY LEE, 1721 Oakdale Avenue, Richmond, VA 23227, hereinafter referred to as "Noteholder", or their successors or assigns, the payment of a note of even date herewith executed by the Grantor, in the principal amount of SIXTEEN THOUSAND FOUR HUNDRED EIGHTY-EIGHT AND 41/100 DOLLARS ($16,488.41), plus interest and charges in accordance with the terms of that note. The note secured by this deed of trust is payable in full on or before February 28, 2013.

The Property shall also secure reimbursement to the Noteholder and the Trustees for any and all costs, attorneys's fees and other expenses of whatever kind incurred in connection with obtaining possession of the Property; the protection and preservation of the Property; collection of any sum or sums secured hereby; any litigation concerning the Property or this Deed of Trust; recording or releasing this Deed of Trust and any additional examination of title or execution of further assurances or physical survey of the Property which may be

**required by the Noteholder or Trustees for any reasons in good faith; all of which costs and expenses shall be the obligations of and paid by the Borrower.**

**The Borrower covenants that the Trustees and the Noteholder or their duly authorized agents shall have the right to inspect the Property at any reasonable time, provided that Noteholder shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property; that Borrower and any lessee of the Property will comply with all laws and ordinances pertaining to the Property; and that Borrower will keep in force any insurance required by the Deed of Trust or any state or federal law or regulation. The Borrower further covenants, and this Deed of Trust shall be construed to impose and confer upon the parties hereto, and the beneficiaries hereunder, all duties, rights and obligations prescribed in Sections 55-59 and 55-59.1 through 55-59.4 inclusive of the Code of Virginia, 1950, as amended, and in effect as of the date hereof (except as specifically modified herein) and further to incorporate herein, by short term references below, the following provisions of Section 55-60 of the Code of Virginia, 1950, as amended and in effect as of the date hereof:**

**ADVERTISEMENT REQUIRED: Three times in a daily newspaper having a general circulation in the jurisdiction in which the property conveyed is located.**

**RENEWAL OR EXTENSION PERMITTED.**

**EXEMPTIONS WAIVED.**

**SUBJECT TO ALL UPON DEFAULT.**

**SUBSTITUTION OF TRUSTEE PERMITTED.**

**IDENTIFIED BY TRUSTEE'S SIGNATURE.**

**INSURANCE REQUIRED: An amount equal to the outstanding balances on all liens. Upon the execution of the note and this deed of trust, the Grantor shall deliver to the Noteholder a policy of hazard insurance in the above amount listing the Noteholder as a loss payee.**

**PRIOR MORTGAGES AND DEEDS OF TRUST: Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust, or other security agreement with a lien which has a priority over this Deed of Trust, including Borrower's covenants to make payments when due.**

**In addition to the remedies provided for above, the Trustees, in the event of Borrower's breach of any convenant or agreement of Borrower in this Deed of Trust, Noteholder, prior to accelerations shall give notice (hereinafter "notice") to Borrower's mailing address specifying:**

**(1) the breach; (2) action required to cure the breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and the right to bring a court action to assert the Borrower's defenses to acceleration and sale. If the breach is not cured on or before the 30 days from the date the notice is mailed to Borrower the Noteholder may declare all sums secured by the Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law.**

**If the Noteholder invokes the power of sale, Noteholder or Trustee shall give to Borrower notice of the sale and shall advertise the sale in the manner prescribed by applicable law.**

**Borrower has a right to be reinstated if: (a) Borrower pays Noteholder all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Noteholder and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust; and (d) Borrower takes such action as Noteholder may reasonably require to assure that the lien of this Deed of Trust, Notheholder's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.**

**If all or any part of the Property or an interest therein is sold, transferred or leased by the Borrower, without the prior written consent of the Noteholder, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) the transfer by devise, descent, or by operation of law upon the death of a joint tenant, or (c) the grant of any leasehold interest of three years or less not containing an option to purchase, the Noteholder, at her option, may declare all sums hereby secured to be immediately due and payable.**

**The indebtedness hereby secured, or any part thereof, may be renewed or extended beyond maturity by agreement between the Noteholder and any person assuming the obligations hereunder and under said indebtedness, and no such renewal or extension shall affect the liability of the parties of the first part, or any party assuming the obligations of the parties of the first part, hereunder and under said indebtedness, whether as surety or otherwise.**

**NOTICE - THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR**

3

**CONVEYANCE OF THE PROPERTY CONVEYED HEREIN.**

**WITNESS the following signature:**

                                                                         _____
                                                                               **Earline Turner Green**

**STATE OF VIRGINIA**

**CITY/COUNTY OF _____, to-wit:**

      The foregoing instrument was subscribed, sworn to, and acknowledged before me in my jurisdictions aforesaid this \_\_\_\_ day of October , 2007, by Earline Turner Green.

      **My commission expires:**

                                                                        _____
                                                                         **NOTARY PUBLIC**